*John Guthrie*, for the State.

*Ross & Effinger*, for the appellee.

16   194
147  428

## THOMPSON, Executor of McCoy, v. SCHENCK and Others.

Where the rents and profits of land are bequeathed to one for life, or during minority, he is entitled to the possession and control of the land during that time.

A devise of the rents and profits of land is equivalent to a devise of the land itself, and will carry the legal as well as beneficial interest therein.

So, also, a devise of the "income," or "use and benefit," of land during the life of the devisee confers upon him a life estate in the land.

A naked power of disposition given by will to an executor gives him no title to the land.

APPEAL from the *Bartholomew* Circuit Court.

WORDEN, J.—This was an action by *Thompson*, as executor of *David McCoy*, deceased, against *Tunis Schenck*, *Moses Pruitt*, *Elizabeth McCoy*, widow, and *David McCoy*, son of the deceased, to recover possession of a farm left by the testator.

Demurrer to the complaint sustained, and judgment for the defendants.

The question arising is, whether the facts set up in the complaint entitle the plaintiff to the possession of the land. The complaint sets out the will of the testator, by virtue of which the plaintiff claims the right to recover. The will, so far as it is material to be here considered, is as follows, viz., " I do also bequeath the rents and profits of my farm to my beloved wife and my son *David*, so long as my (wife) remains

May Term,
1861.

THOMPSON
v.
SCHENCK.

my widow, and until my son *David* is twenty-one years of age." * * * "I also direct that my real estate, after my wife's decease or marriage, be disposed of as follows, to wit, be divided equally between my heirs, except," &c.   Here follow specific directions as to the division or distribution among the heirs, some having been advanced.   The will then proceeds: " And to effectuate this, my intention, I hereby invest my executor with full power and authority to dispose of my real estate in fee simple, or for a term of years, or otherwise, in as full and ample a manner in every respect as I could myself do, if living; and I hereby make and ordain my worthy and esteemed friend, *Alfred C. Thompson*, executor of this my last will and testament."

The complaint alleges that on, &c., and while said *David* was still a minor, the said *Elizabeth* and *David* leased the farm to the defendant *Schenck*, during the lifetime of said *Elizabeth*, without the knowledge or consent of the plaintiff, upon terms greatly below the rental value thereof, and wholly inadequate to the support of said *Elizabeth* and *David*.   That *Schenck* took possession of the premises under the lease, and that *Pruitt* now holds possession thereof by purchase of *Schenck's* lease.   The executor claims, that by virtue of the clause in the will giving him " authority to dispose of the real estate in fee simple, or for a term of years, or otherwise, in as full and ample a manner in every respect" as the testator could have done, he is entitled to the possession and control of the premises during the lifetime or widowhood of the widow.   That the widow and son had no legal authority to rent the premises, and hence, that the lease is void.   We, however, find no authority, and none has been cited, for such construction of the will.

In the first place, the rents and profits of the farm are bequeathed to the widow and son, during the life or widowhood of the one, and the minority of the other.   This, beyond doubt, gives them, during that time, the right to the possession and control of the farm.   " It is clear, that a devise of the rents and profits of land is equivalent to a devise of the land itself, and will carry the legal as well as beneficial interest therein."   2 Jarman on Wills, 381.   So, also, a devise

of the *income* of land to the use of the devisee during his life, confers upon him a life estate in the land. *Butterfield* v. *Haskins*, 33 Maine, 392. So again, a devise giving to the wife of the devisor "the use and benefit" of all the real and personal property of the testator, as long as she remains his widow, gives her a life estate. *Rumsey* v. *Durham*, 5 Ind. 71.

Suppose, as has been suggested by counsel for the defendants, that the widow and son were in the personal possession and enjoyment of the land, instead of those claiming under them, there could be little pretense that the executor would be authorized to dispossess them. If the suit could not be maintained against the widow and son, it can not be against those claiming under them.

Independently of the fact that the widow has a life estate in the premises, subject to be defeated by her marriage, it would not seem that the will confers any right upon the executor to the land itself, or the possession thereof. A naked power of disposition, only, is given him by the terms of the will, and this gives him *no title to the land*. *Doe* v. *Lanius*, 3 Ind. 441. We suppose, from the terms of the will, that it was the intention of the testator to give the executor power to dispose of the land in fee simple, &c., upon the termination of the interest devised to the widow and son; for it is not until then that any disposition is to be made, except that which the testator had already made himself by the terms of the will. Whether, upon the termination of the interest devised to the widow and son, the executor could maintain an action to recover possession of the land, if necessary to carry out and execute the power vested in him by the will, is a question which we do not decide, it not being before us.

The executor not being entitled to the possession of the land, he can not, by setting up a paramount claim, extricate the widow and son from the consequence of an improvident contract in making a lease.

*Per Curiam.*—The judgment is affirmed, with costs.

*S. Stansifer*, for the appellant.

*William Singleton*, for the appellees.