No. 11,517.

BRUMFIELD ET AL. *v.* DROOK ET AL.

WILLS.—*Construction of.*—All the parts of a will are to be construed in relation to each other so as, if possible, to form one consistent whole, and so as to uphold all of its provisions, if this can be done consistently with established rules of law.

SAME.— *When " Heirs" will be Construed " Children."*—The word "heirs," as used in a will, will be construed to mean " children" when it is apparent that the testator employed it in that sense.

SAME.—*Life-Estate.* — *Devise to a Daughter "and her Heirs, Subject to their Control Only."—Executor.—Naked Power to Sell.*—A testator, after devising a life-estate in land to his wife, directed his executors, after her death, to "sell and dispose of all my property, both real and personal, that may remain, * * * and divide the proceeds thereof among my ten

children, in the following manner, or their heirs, as the case may be, to-wit," to each son one-tenth, and to each daughter, naming each separately, and following each name with the words, " and her heirs one-tenth, subject to their control only, it being my intention that my said daughters and their children shall have the sole benefit of their shares of my estate." Before the death of the widow four daughters conveyed away their interest in the land.

*Held,* that each daughter took one-tenth of the proceeds of such property free from the control of her husband, and in case of her death her children would take such portion, but until then such children have no interest in the estate.

*Held,* also, that a mere naked power to sell having been conferred upon the executors, they were not invested with any interest in or title to the property.

*Held,* also, that during the life-estate of the mother, the title was not in abeyance, but it was in the testator's children, and the conveyances by the daughters, during such life-estate, divested them of title to the land and precludes them from claiming any interest in its proceeds.

PLEADING.—*Complaint Must be Sufficient as to all Plaintiffs.*—A complaint must be sufficient as to all the plaintiffs, or it is not sufficient as to any.

From the Grant Circuit Court.

*H. J. Paulus* and *G. T. B. Carr,* for appellants.

*A. Steele, R. T. St. John* and *T. D. Evans,* for appellees.

BEST, C.—On the 22d day of December, 1860, John Drook made his last will, and on the 16th day of March, 1870, he died the owner of considerable personal property and a quarter section of land in Grant county, in this State, leaving surviving him his widow, Saloma Drook, and ten children, five sons and five daughters, viz., Daniel F., Jacob F., William F., Alfred F., James Monroe F., Mary F. Brumfield, Marilles F. Taylor, Susanna F. Anderson, Cynthia F. Fisher and Martha F. Snyder, now Martha F. Warrenburg. Each of these daughters, at the time of their father's death, had from six to ten children, and they and their children bring this action against the five sons of said testator, one of whom was the administrator with the will annexed, and several other persons, three of whom had purchased from four of said daughters the interest they acquired in said real estate by virtue of said will.

The complaint consisted of three paragraphs, to each of

which separate demurrers, for the want of facts, by the administrator and by two of the purchasers, were sustained, and these rulings are assigned as errors.

The paragraphs are substantially alike, and aver, in substance, that the last will of said testator was duly probated, and by its terms the real estate was devised and the personal property bequeathed to the widow for life; that she accepted the provision thus made for her, took possession of said property, and retained the same until her death, which occurred on the 6th day of March, 1883; that the executors named in the will were directed to sell said property after the death of the widow, and divide the proceeds between the testator's sons and his daughters and their children, giving to each son one-tenth and to each daughter and her children one-tenth; that the persons named in said will as executors failed to qualify, and that thereupon Jacob F. Drook, one of said sons, qualified as administrator with the will annexed; that thereafter said administrator obtained an order from the proper court to sell said land, and, in pursuance of said order, on the 2d day of June, 1883, he sold the same to William Highly, one of the appellees, for $6,579.37, one-third of which was paid in cash, and the residue was secured by notes, one-half of which was payable in one and the other in two years from the day of sale; that said administrator still holds said money and said notes for distribution under said will; that before the death of said widow, to wit, in March, 1882, four of said daughters, viz., Mary F. Brumfield, Susanna F. Anderson, Cynthia F. Fisher and Martha F. Warrenburg, conveyed their interests in said land to William Drook, one of the appellees, and that neither they nor their children had any notice of the application by said administrator for an order to sell such real estate. Prayer that said conveyances be set aside, that the sale of said real estate be vacated, and that the will of said testator be construed so as to give each of said daughters and their children a tenth of the proceeds of said land.

A copy of the will accompanied the complaint. After giv-

ing directions for the appraisement of the property and for the payment of debts, the testator proceeds :

" I also direct that so much of my personal estate be sold at public sale as shall be necessary to pay just debts as soon as possible. The remainder thereof, if any there be, I give and bequeath unto my wife, Saloma, to remain her absolute property if she shall be living at the time of my decease. And if there should be more than she needs, she may give it into the hands of my executors, and they shall dispose of the same at public sale, and divide the proceeds thereof equally among my surviving children, or their heirs in case of the death of any of them, in way and manner hereafter directed. I also direct that my wife, Saloma, have the full possession and care of my farm whereon I live during her lifetime. I also direct that my executors shall, after the decease of my wife, sell and dispose of all my property, both real and personal, that may remain, at public sale, except one-half acre for burying ground where the graveyard now is, and divide the proceeds thereof among my ten children in the following manner, or their heirs, as the case may be, to wit: *First.* I give to my son Daniel F. Drook one-tenth, to my son Jacob F. Drook one-tenth, to my son William F. Drook one-tenth, to my son Alfred F. Drook one-tenth, and to my son James Monroe F. Drook one-tenth of the same. Also, to my daughter Mary F. Brumfield and her heirs one-tenth, subject to their control only, to my daughter Marilles F. Taylor, wife of Robert Taylor, and her heirs one-tenth, subject to their control only, to my daughter Susanna F. Anderson, wife of James Anderson, and her heirs one-tenth, subject to their control only, to my daughter Cynthia Ann F. Fisher, wife of David Fisher, and her heirs one-tenth, subject to their control only, and to my daughter Martha Emeline F. Snyder, wife of Philip Snyder, and her heirs one-tenth, subject to their control only, it being my intention that my said daughters and their chil-

dren shall have the sole benefit of their shares of my estate, both real and personal."

The foregoing is the portion of the will upon which the questions in this case turn.

The appellants insist that the word "heirs," wherever it occurs in the will, was employed by the testator in the sense of "children," and in this conclusion we concur, as we think the last clause in the will puts this question beyond debate. The statement of the testator that he intends that his "daughters and their children shall have the sole benefit of their shares," renders it obvious that in naming them he designated the children as heirs. This being apparent, the word will thus be construed. *Rapp* v. *Matthias,* 35 Ind. 332; *Brown* v. *Harmon,* 73 Ind. 412; *Ridgeway* v. *Lanphear,* 99 Ind. 251.

The appellants also insist that each daughter and her children took one-tenth of the estate as tenants in common, or as joint tenants, or that each daughter took a life-estate in such tenth, and her children the estate in remainder. This position is based upon that portion of the will which directs a division of the proceeds arising from a sale of the property, in these words: "To my daughter," naming her, "and her heirs one-tenth, subject to their control only." If this were the only clause in the will by which such portion of the estate was devised, we would not be prepared to say that each daughter and her children would not have taken such part of the estate as tenants in common. This, however, is not the only clause. There are other clauses in the will that bear directly upon this question, and all of them must be considered in determining the intention of the testator. In a former part of the same general disposition of the property, the testator directs that such personal property as shall remain shall be sold by his executors and the proceeds be "divided equally among my surviving children or their heirs, in case of the death of any of them, in way and manner hereafter directed." This clause is definite and fixes the fact that the proceeds of the personal property are to be divided

equally between the testator's children, in way and manner thereafter directed. The grandchildren, by this clause, as their parents are all living, are not entitled to any portion of such property. The testator, after devising a life-estate in the land to his wife, also directs his executors, after her death, to "sell and dispose of all my property, both real and personal, that may remain, * * * and divide the proceeds thereof among my ten children in the following manner, or their heirs, as the case may be, to wit." By this clause the testator makes precisely the same disposition of the proceeds of the real as of the personal property, and the same disposition as the prior clause made of the proceeds of the personal property. Neither clause gives any portion of the proceeds to the grandchildren in case the testator's own children survive him, but in that event the whole is given to such children in equal portions. The way and manner of the division, however, has not yet been more particularly indicated, and in doing this the testator gives to each son one-tenth, and to each daughter says, "to my daughter," naming her, "and her heirs one-tenth, subject to their control only." It is manifest from this language that the testator intended to exclude the husbands of his respective daughters from acquiring any interest in or control over such estate, and we think this was the testator's only purpose in the employment of such language. In the same general disposition, he had already twice explicitly stated that this property was to be equally divided between his ten children, or their heirs in case of the death of any of his children, and it seems improbable that he changed his mind and concluded to divide the one-tenth of such property between each daughter and her children. Had such change of disposition been intended, the testator would probably have employed language that would have clearly indicated such purpose, in view of the fact that a contrary intention had already been twice explicitly expressed. Inasmuch as he did not, we do not think the mere employment of the conjunction "and," instead of "or," be-

tween the words " daughters and heirs," and " daughters and children," can control the manifest intention of the testator, as is apparent from the explicit clauses previously inserted, and from the general scheme of the whole instrument. All the parts of a will are to be construed in relation to each other so as, if possible, to form one consistent whole, and so as to uphold all of its provisions, if this can be done consistently with established rules of law. *Jackson* v. *Hoover*, 26 Ind. 511; *Grimes* v. *Harmon*, 35 Ind. 198; S. C. 9 Am.R. 690.

Construing this will in accordance with these rules, we have no doubt that the testator intended each daughter to take one-tenth of the proceeds of such property free from the control of her husband, and in case of the death of such daughter, her children should take such portion. We, therefore, conclude that the grandchildren had no interest in this estate.

It is next insisted that the title to the land vested in the executors, and that, consequently, the deeds of conveyance executed by four of the daughters were inoperative to convey any estate, and that each of said daughters is entitled to the one-tenth of the proceeds of the sale of said land. The language of the will bearing upon this question is in these words: " I also direct that my executors shall sell and dispose of all my property, both real and personal, * * * and divide the proceeds among my ten children," etc. This direction conferred upon the executors a mere naked power to sell, and did not invest them with any interest in or title to the property. In the absence of a statute, the rule is universal that where an executor is merely clothed with the power to sell he takes no title to the property. 1 Perry Trusts, section 308; Williams Ex'rs, p. 725; 1 Sugden Vendors, p. 175, and authorities cited.

This rule prevails in this State, and it has frequently been held that such direction as this will contains merely confers upon the executor a naked power to sell. *Doe* v. *Lanius*, 3 Ind. 441; *Thompson* v. *Schenck*, 16 Ind. 194; *Wilson* v. *Rudd*, 19 Ind. 101; *Simonds* v. *Harris*, 92 Ind. 505.

The power conferred upon the executors to sell being a naked one, the title did not vest in them, but must have vested in the testator's children, subject to be divested by the execution of the power. During the life-estate of the mother the title was not in abeyance, and as it was not in the executors, it must have been in the testator's children by virtue of the devise or by the law of descents—probably by the law of descents. This was expressly ruled in the case of *Doe* v. *Lanius, supra.*

The title being in the children, it follows that the conveyances by the four daughters during the life-estate of the mother divested them of any title to the land, and, consequently, precludes them from claiming any interest in its proceeds. *Simonds* v. *Harris, supra.*

As four of the daughters and all of the grandchildren of the testator have no interest in the proceeds of the sale of this land, they can not maintain an action to set aside the sale made by the administrator, and as the complaint, for this purpose, was insufficient as to them, it follows that it was insufficient as to all who united with them. A complaint must be sufficient as to all, or else it is not sufficient as to any of the parties. *Lipperd* v. *Edwards,* 39 Ind. 165; *Nave* v. *Hadley,* 74 Ind. 155, and cases cited.

For these reasons we think the demurrers were properly sustained, and that the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be affirmed, at the appellants' costs.

Filed April 4, 1885.