McCabe, J.
The appellee sued the appellants in the Hendricks Circuit Court to quiet her alleged title to certain land in Hendricks county.
A trial of the issues formed by the court without a jury resulted in a special finding of the facts, whereon the court stated conclusions of law favorable to appellee. The court rendered judgment for the plaintiff pursuant to the conclusions of law.
The errors assigned call in question the action of the trial court in sustaining plaintiff’s demurrer to the answer of the defendants, Addison Hadley and Addison Coffin, and the conclusions of law.
The sfibstance of the special finding is that on June 27, 1895} Job Hadley died testate, in the county of Hendricks, the owner in fee simple of land situate in said county particularly described, containing 2941-acres.
The last will of said Job Hadley reads as follows: “I do hereby will, give and bequeath all my real and personal property or the residue of the sam.e after all *423 my indebtedness is paid to Tacy Hadley, my wife, except the lands owned by me in sections 14 and 15, in township 17 north, and range 1 west, which at her death I will that Addison Hadley, Mordecai' Hadley and Addison Coffin take in charge as trustees and devote the same, if thought practicable, to the erection and maintenance of an institution for the education of the poor, virtuous and aspiring children and young persons. Said institution to be located in some suitable place on the farm.
“But if the erection of such an institution was not in the judgment of said trustees deemed practicable, the said lands to be sold and three-fourths (f) of the proceeds to be distributed among my legal heirs, and the remaining one-fourth (J) to go to the legal heirs of Tacy Hadley,.my wife.”
That the real estate described in the finding above is the same real estate mentioned in said will as owned by Job Hadley in sections 14 and 15, township 17 north, in range 1 west, and that said real estate is all the-real estate of which Job Hadley died seized or possessed. That said will was probated in said Hendricks Circuit Court, on March 9, 1896, and that plaintiff has filed her written election rejecting the will of said Job Hadley, and that she filed her written election to take the provisions made for her as widow by the law of descent. That Job Hadley at his death was seventy-nine years old and his wife, Tacy Hadley the plaintiff, was of the age of eighty-four years, and that they had been married and lived together as husband and wife for forty-nine and a half years.
That at the time of his death, Job Hadley left no father or mother nor the descendants of any child or children him surviving, but Tacy Hadley, his wife, the plaintiff, as his sole heir at law. That the defendants, other than Addison Coffin, are the brother and sister, *424 nephews and nieces of Job Hadley, deceased, and they constitute all the brothers and sisters of said Job Hadley surviving him.
That Mordecai Hadley, mentioned in said will, died on June 17, 1890, and his death was known to said Job Hadley at the time, and that the defendants, Addison Hadley and Addison Coffin, are the only surviving persons named in said will as trustees.
That the personal estate of Job Hadley, after the payment of his debts, funeral expenses and expenses of last sickness and costs of administration amounts to about $400.00.
That plaintiff, Tacy Hadley, as the surviving widow of Job Hadley, deceased, has been ever since his death and is now, in the quiet and peaceable possession of the real estate above mentioned.
That the defendants are claiming an interest in said real estate by virtue of said will, but concede that the plaintiff now owns in fee simple the undivided one-third interest in said real estate, and that she owns a life estate in and to the remaining undivided two-thirds thereof. •
That all the defendants other than the surviving trustees named in said will are claiming that, should said trust be adjudged to be void, or should it be adjudged to be valid, but on the death of the plaintiff, the execution of it should be deemed impracticable, as contemplated in said will it might be, in either event on the death of the plaintiff, the undivided two-thirds interest in said real estate should be sold and three-fourths of the proceeds thereof should be distributed among them; and none of them are claiming any other right in said real estate.
And upon the foregoing facts the court states the law to be with the plaintiff, and that she is entitled to have her title quieted in the lands described in *425 the complaint against each of the defendants. At the time the special finding' was filed the time for the widow filing her election had not yet expired.
It is contended by the appellee that the trust sought to be created by the will is void for the reasons: 1. That the objects or beneficiaries of the' charity thereby sought to be established are so indefinite that a court of equity cannot ascertain them and no power is conferred on the three trustees to select them. 2. By the death of one of the three trustees during the life of the testator all power in the surviving trustees to execute the trust was extinguished. 3. That being the case, neither of the defendant trustees had any power over or interest in the real estate, and hence the contingency could never arise by which the other defendants could have any interest in the real estate through a sale thereof and a distribution to them of any portion of the proceeds thereof under the will.
Should that turn out to be the status of the real estate and the parties, then Job Hadly died intestate as to that real estate.
In that event the whole of Job Hadley’s property, real and personal, would descend to his widow. Section 2651, Burns’ R. S. 1894 (2490, R. S. 1881).
We deem it unnecessary to decide whether the vagueness and uncertainty of the will as to the objects or beneficiaries of the trust therein provided for and declared, renders the trust sought to be created void or not. See Grimes v. Harmon, 35 Ind. 198, and cases cited; Erskine v. Whitehead, 84 Ind. 357, and cases there cited; Board, etc., v. Dinwiddie, 139 Ind. 128.
The language “I will that Addison Hadley, Mordecai Hadley and Addison Coffin take in charge as trustees and devote the same (the real estate), if thought practicable, to the erection and maintenance of an institution for the education of the poor, virtuous and *426 aspiring children and young persons,” vests a naked power in the three trustees not coupled with an interest. Doe v. Lanius, 3 Ind. 441; Thompson v. Schenck, 16 Ind. 194; Brumfield v. Drook, 101 Ind. 190; Gregg v. Currier, 36 N. H. 200.
A power is usually defined as an authority whereby a person is enabled to dispose of an interest in real estate vested in himself or another. The exercise of these powers, in most instances, depends upon the discretion of the donee of the power, and no person can take by virtue of the power unless the donee thereof choose to exercise this discretion. Bispham’s Equity, section 77.
If the authority be committed to trustees, the presumption is that, as the power was coupled with an interest, it was meant to survive. If a power be a joint one coupled with an interest, it will survive if-one of the donees of the power die. But where it is a mere naked authority it will not survive. So if the authority be to two or more in an official capacity ratione officii it will survive if one die. But if it be to them nomination or they are clothed with a special confidence of a personal nature, it will not survive. 2 Wash. Real Prop. (5th ed.), 553. For if the act to be done requires an exercise of the judgment and discretion of the several persons named as trustees, it can only be exercised by them all. 2 Wash. Real Prop., 554.
Where the power is given to several donees, oioooiinatiooi, it indicates the repose of a personal discretion in each, and the power will not survive the death of one of them. Tiedeman on Real Prop., section 566.
And if the power be accompanied by a personal confidence and trust in the donee or donees, he or they alone can execute it; nor can it pass to others, it must be executed by the persons named, unless authority *427 to substitute another is expressly given. 2 Wash. Real Prop. (5th ed.), p. 717.
If the power of sale or any other power is given to two or more persons by name, with no words of survivorship and one dies or refuses to act, the others cannot execute the power. Perry on Trusts, section 499; Wilder v. Ranney, 95 N. Y. 7; Gambell v. Trippe, 75 Md. 252, 32 Am. St. 388, 23 Atl. 461.
The power here given by the will not being coupled with an interest accompanied by no words of survivor-ship, and no authority given to any number of the trustees less than the whole, and Mordecai Hadley, one of the trustees, having died before the will creating the trust took effect, the trust is wholly inoperative and void for want of authority on the part of the surviving trustees to act. Doe v. Lanius, supra; Thompson v. Schenck, supra; Brumfield v. Drook, supra; Gregg v. Currier, supra.
But it is contended with great apparent earnestness that there is a devise over in case of failure of the trust directing the land to be sold and the proceeds to be distributed to the defendants embraced in that clause of the will. But that is a mistake. There is a contingency provided for in the will on the happening of which the land is directed to be sold, and the proceeds to be divided between the legal heirs of Job' Hadley and the legal heirs of his widow, though no power to sell is given to any one. That contingency was not the failure of the trust. The contingency is expressed in the will thus: “But if the erection of such an institution was not in the judgment of said trustees deemed practicable, the said lands to be sold,” etc.
This contingency has been impossible ever since the will took effect on the death of Job Hadley, because before that time one of the three trustees named died. Therefore the judgment of the three trustees never *428 having been exercised, it now never can be, and hence the contingency on the happening of which the land was directed to be sold and the proceeds divided among certain of the parties to the action, the devise over, as appellants call it, wholly fails; because a contingent interest in real estate must rest upon the happening of an event that is a possibility. Mr. Washburn, in his work on Real Property, vol. 2 (5th ed.), p. 629, says: “In the next place, the event must not be too remote, or beyond what is deemed in law to be a common possibility, such as that of the death' of a person, or of his dying without issue, or of coverture or the like. If the event is not within such possibility a limitation dependent upon it is void at common law.”
Therefore there was none of the defendants that had any power over, or interest .in said real estate whatever, by virtue of said will, though they were claiming that they had.
Hence the circuit court did not err in its conclusions of law that the plaintiff was entitled to have her title quieted.
It follows from what we have decided above that the court correctly sustained the demurrer to the partial answer of the two trustees, Addison Hadley and Addison Coffin
Judgment affirmed.