No. 14693

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

---

MELROY L. MEDHUS, JR., BEN WILLIAMS,
BILLY G. REDDIG and LYNNE A. REDDIG,

Plaintiffs and Appellants,

-vs-

KENNETH A. DUTTER, MARY E. DUTTER,
THOMAS J. DEUTSCH, and JANET M. DEUTSCH,

Defendants and Respondents.

---

Appeal from: District Court of the Eleventh Judicial District,
Honorable Robert Sykes, Judge presiding.

Counsel of Record:

For Appellants:

Hash, Jellison, O'Brien and Bartlett, Kalispell, Montana

For Respondents:

Moore, Lympus and Doran, Kalispell, Montana
Warden, Walterskirchen and Christiansen, Kalispell,
Montana

---

Submitted on briefs: August 15, 1979

Decided: NOV 21 1979

Filed: NOV 2 1979

*Thomas J. Kearney*
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Appellants initiated this action in District Court, the Eleventh Judicial District, the Honorable Robert C. Sykes presiding, asking the court to enjoin respondents from obstructing appellants' use of a road that crossed respondents' property. Appellants sought to obtain a decree granting them an easement along the road. Appellants also sought damages for interference with the use of the road, and appellant Medhus sought damages for trespass to his property.

Respondents filed a counterclaim against appellant Medhus for timber trespass and sought an order requiring Medhus to move a fence erected along the boundary of their property and the Medhus property.

The District Court found that appellants had an easement for roadway purposes across a portion of respondents' property, but found no easement across another section of the property. The court ordered appellants be allowed to remove some personal property from the portion of the roadway across which no easement was found. However, the court entered no findings, conclusions or judgment concerning appellants' trespass claim.

The court further found appellant Medhus had not committed timber trespass but had erected a fence on respondents' property. The court ordered the fence moved to the correct boundary line. The District Court awarded costs of the suit to respondents, including the cost of a boundary survey done at the request of respondents. Appellants appeal this judgment.

Respondents Thomas Deutsch and Janet Deutsch are the legal owners, and respondents Kenneth Dutter and Mary Dutter

are the equitable owners, being purchasers under contract for deed, of certain real property located in Flathead County. The disputed road passes across their property. The Deutsches acquired the property in 1964 from A. P. and Martha T. Marcoux. The Marcouxes conveyed the property to the Deutsches by a warranty deed. The deed contained language referring to an easement for road purposes across the premises. The notice of purchasers' interest giving notice of the contract under which the Dutters hold their equitable interest to the property contains similar language. This property will be referred to as the "Dutter property."

Appellant Melroy Medhus owns real property that lies east of the Dutter property and above it on a mountainside. This property will be referred to as the "Medhus property." Appellants Billy G. Reddig and Lynne A. Reddig are buying a portion of the Medhus property under contract for deed. Appellant Ben Williams is the owner of three parcels of real property which are east of both the Dutter and Medhus properties.

Foothills Road, a public highway, passes close to the western boundary of the Dutter property. Near the southern boundary of the Dutter property a dirt and gravel road leaves Foothills Road and goes up the mountainside across the Dutter property. This roadway leaves the Dutter property and enters the Medhus property and forms a "Y" on the Medhus property. The District Court found, apparently for the sake of completeness, that all of the appellants had an easement along that roadway from the Foothills Road to the boundary of the Dutter property. An easement over this section of road was not asked for in appellants' complaint. The northern brand of the "Y" continues across the Medhus

-3-

property and reenters the Dutter property for 300 feet whereupon it reenters the Medhus property and continues easterly and up the mountainside onto the Williams property. The District Court found that none of the appellants had an easement across this 300 foot road on the Dutter property.

The following diagram approximates the position of the property of the parties and road in dispute (marked "disputed road" on the diagram):



DUTTER Property

Disputed Road

TRABLIK Property

MILL CREEK

FOOTHILLS ROAD

MEDHUS Property

Road over which District Court granted easement.

The use of the 300 foot road marked "disputed road" on the diagram is the center of controversy in this case. Appellants do not contest the portion of the judgment ordering them to move their fence, and respondents do not challenge the finding of an easement of the other section of the road. The Trablik property marked on the diagram is not involved in the current dispute.

The road was built in 1933 by the Koenig brothers, loggers working east of the Dutter and Medhus properties. Before constructing and using the road, the loggers got permission from Clarence Haines, then the owner of the Dutter property. The District Court found that since the 1930's, the disputed road has seldom been used. The court found that neighbors used the road for cutting firewood or Christmas trees and members of the general public used the road to go up Mill Creek to hunt, hike and gather huckleberries. The bridge over Mill Creek leading to the road washed out for a period of time and was replaced in the 1970's. Dutter bulldozed the road shut in 1978, leading to the instigation of this suit.

This appeal raises the following issues for our consideration:

1. Did the District Court err in finding that appellants did not establish a prescriptive easement across the disputed road?

2. Did the District Court err in finding that appellants did not establish an easement of record across the disputed road?

3. Did the District Court err in not entering findings, conclusions and a judgment on appellants' trespass claim?

4. Did the District Court err in awarding costs to the respondents?

To establish the existence of a prescriptive easement, the party claiming the easement must show open, notorious, exclusive, adverse, continuous and uninterrupted use of the easement claimed for the statutory period. Garrett v. Jackson (1979), __ Mont. ___, ____ P.2d ___, 36 St.Rep. 1769, 1771; Hayden v. Snowden (1978), ___ Mont. __, 576 P.2d 1115, 1117, 35 St.Rep. 367, 369; Taylor v. Petranek (1977), ____ Mont. _____, 568 P.2d 120, 122, 34 St.Rep. 905, 909; Harland v. Anderson (1976), 169 Mont. 447, 451, 548 P.2d 613, 615. The controversy in this case turns on whether appellants showed the use of the disputed road by them and their predecessors in interest was adverse rather than permissive. If appellants failed to show adverse use, they have not established all the elements necessary to perfect an easement by prescription and the District Court ruling on this issue must be upheld.

In *Taylor*, we said:

> "Although a use permissive in its inception may ripen into a prescriptive right, it cannot do so unless there is a later distinct and positive assertion of a right hostile to the owner, which must be brought to the attention of the owner, and the use continued for the full prescriptive period. (Citations omitted.)" 568 P.2d at 123.

In Wilson v. Chestnut (1974), 164 Mont. 484, 491, 525 P.2d 24, 27, we approvingly quoted 2 Thompson on Real Property (1961 Replacement), Easements, §345, as follows:

> "'. . . If the user began by the permission of the owner, it will not ripen into an adverse or hostile right until notice of such adverse user is brought home to the owner and the user continued thereafter for the statutory period.'"

See also White v. Kamps (1946), 119 Mont. 102, 171 P.2d 343.

-6-

Here, the testimony shows the use of the disputed road was originally permissive. Clarence Haines gave the Koenig brothers permission to build and use the road. Since the use of the road was permissive at its inception, to find a prescriptive easement here we must find in the record a distinct and positive assertion of a right to use the disputed road hostile to the owners by those claiming the easement. The record must also show the right was brought to the attention of the owners and continued use of the easement for the full statutory period.

Looking to the record, we find occasional use of the road by hunters, hikers and neighbors cutting Christmas trees and gathering firewood. We have previously held this type of use insufficient to raise a presumption of adverse use. Taylor v. Petranek, supra, 568 P.2d at 123; Harland v. Anderson, supra, 169 Mont. at 451-452. Being insufficient to initially establish adverse use, this type of use does not represent the distinct and positive assertion of a hostile right brought home to the owner of the purportedly servient tenement necessary to transform originally permissive use into adverse use. Under these facts, the use of the road began permissively and continued to be permissive until Dutter blocked the road in 1978. Appellants, therefore, did not establish the existence of a prescriptive easement across the Dutter property.

The second issue raised by this appeal concerns the language in the deeds used to convey the Dutter property. The language in the deeds reads, "Subject, however to an easement for road purposes now existing over and across the herein described premises."

The majority rule is that an easement cannot be created in favor of a stranger to the deed. Wilson v. Chestnut, supra, 164 Mont. at 492; see also Annot., 88 ALR2d 1199, 1201-1202 (1963). In the proper case, however, we will depart from that rule to give effect to the grantor's intent. State of Montana, By and Through the Montana State Fish and Game Commission v. Cronin (1978), ____ Mont. ____, 587 P.2d 395, 399, 35 St.Rep. 1798, 1802; Wilson, 164 Mont. at 492. The question thus becomes one of determining the intent of the grantors in including the above language in the deeds.

Before the creation of an easement in a stranger to a conveyance will be recognized, the intent of the grantor to create the easement must be clearly shown. Cushman v. Davis (1978), 145 Cal.Rep. 791, 793, 80 Cal.App.3d 731. If it appears it is as likely the purpose of the clause in the deed was to protect the grantor's warranty of title as to reserve an easement, we will not depart from the majority rule and find an easement. Wilson, 164 Mont. at 492. To determine the intent of the grantor in situations similar to the case at bar, courts have considered the express language of the deed, Wilson, 164 Mont. at 492; testimony by grantors stating their intent, Willard v. First Church of Christ, Scientist, Pacifica (1972), 102 Cal.Rep. 739, 498 P.2d 987, 989; the fact that the grantor received less value for the property conveyed because of the existence of an easement, Mott v. Stanlake (1975), 65 Mich.App. 440, 234 N.W.2d 667, 668, and Willard, 498 P.2d at 989-990; and, the sufficiency of the description of the location of the easement and whether or not the reservation names a dominant tenement, State of Montana, By and Through the State Fish and Game Commission v. Cronin, supra, 587 P.2d at 399.

-8-

Considering these factors here, we find the language contained in the deed almost identical to the language in Wilson, where we held no easement had been reserved. Further, respondent Deutsch stated he knew the deed contained the language and had discussed it with appellant Bill Reddig, but that he did not know the implications of the language. Deutsch said he did know there was a road up to the home on the Dutter property that nobody other than the owners should be using. This testimony indicates that in executing the documents that passed equitable title to the property, Deutsch did not intend to create an easement. There is no testimony on the record showing any of the grantors of the Dutter property received less than full value for the land because of the existence of an easement. Finally, although the language of the deed does locate the easement, it fails to name a dominant tenement. Considering these factors together, here, as in Wilson, it is as likely the grantors intended to protect their warranty of title as to reserve an easement. Thus, the deeds do not establish an easement of record.

The third issue raised by this appeal involves the failure of the District Court to enter findings, conclusions or a judgment concerning Count IV of appellants' complaint. This count alleges Dutter trespassed on the Medhus property while bulldozing the disputed road shut and damaged the property by removing gravel to build the Kelly bump that blocked the road.

Appellants elicited testimony at the hearing on this case supporting the claim. The trial judge did not, however, enter findings, conclusions or judgment concerning the matter. The District Court should have made findings concerning this issue and entered a judgment accordingly. Claver v. Rosen-

-9-

quist (1972), 160 Mont. 4, 13, 499 P.2d 1235, 1240. We therefore return the matter to the District Court with instructions to enter findings, conclusions and a judgment on this issue. In doing so, the court should hold whatever further proceedings, if any, it deems necessary.

The final issue raised here deals with the award of costs to respondents. Sections 25-10-101 and 25-10-102, MCA, control the disposition of this question. Those sections require the awarding of costs to the plaintiffs or the defendants in cases of this nature upon a judgment in their favor.

In this case, the judgment granted appellants an easement over a portion of respondents' property, but denied appellants any right to use the section of road over which the appellants prayed for an easement in their complaint. On remand, the District Court may find in favor of appellants or respondents on appellants' trespass claim. The judgment stated respondents should take nothing by their counterclaim but also ordered Medhus to move his fence. Respondents had requested the fence be moved as part of their counterclaim.

The judgment thus found in favor of both parties to the law suit on different issues involved in the case. We have previously held that a plaintiff need not recover on all claims presented by a complaint to be entitled to costs under section 25-10-101, MCA. Jones v. Great Northern Railroad Company (1923), 68 Mont. 231, 242-245, 217 P. 673, 677-678. We have also allowed a defendant to recover costs when only partially successful on a counterclaim but totally successful in defeating the plaintiff's claim. Spencer v. Mungus (1903), 28 Mont. 357, 359-360, 72 P. 663, 664. We

-10-

have never squarely faced, however, the issue of awarding costs in a case where the plaintiff partially succeeds on the complaint and the defendant prevails as to a part of the counterclaim. In the only case presenting the question, the Court decided in favor of the defendant without discussion. Aronow v. Hill (1930), 87 Mont. 153, 163, 286 P. 140, 144.

Montana adopted its cost statute from California. That state still has a similar statutory setup for awarding costs. Section 1032, Cal. Code Civ. Proc. In interpreting their cost statutes, the California courts have come to the same result reached in Aronow by determining which party prevailed on the main issue in controversy in a case. Whiting v. Squeglia (1924), 70 Cal.App. 108, 232 P. 986, 990. In Whiting the plaintiffs filed a complaint and the defendant counterclaimed. The trial court entered a judgment granting the plaintiffs part of the relief they requested and the defendant part of his claim with costs to the defendant. Whiting, 232 P. at 987. On appeal, the award of costs was upheld under the costs statute based on the rationale that the defendant had prevailed on the main issue in controversy and, therefore, judgment had been entered in his favor. Whiting, 232 P. at 990.

Given the use of the main issue in controversy rule in California in interpreting cost statutes similar to those in Montana, we now adopt the rule in Montana for interpreting sections 25-10-101 and 25-10-102, MCA. If a plaintiff files a complaint in an action covered by section 25-10-101, MCA, and succeeds only partially, the plaintiff is entitled to costs. If an action is filed, the defendant counterclaims and succeeds in having the plaintiff's claim totally denied but only recovers a portion of the relief demanded in the

counterclaim, the defendant should receive costs. If, however, a party initiates a law suit, the defendant counter-claims, and the judgment awards both parties part of the relief they seek, the party prevailing on the main issue in controversy in the case must be allowed costs.

Applying this rule to the case at bar, we find the District Court correctly awarded costs to respondents. The main issue in controversy here was the existence of an easement across the disputed road. The closing of the road precipitated the law suit and most of the testimony at the trial concerned the existence of an easement over the road. Respondents prevailed on that issue. The cost statutes therefore entitled them to their costs of suit, including the cost of the survey necessary to determine boundary between the Medhus and Dutter properties.

The judgment is affirmed in part but remanded to the District Court with instructions to enter a judgment on appellants' trespass claim.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

-12-