HEMENWAY MEMORIAL PRESBYTE-
RIAN CHURCH OF OHIO VALLEY
PRESBYTERY OF SYNOD OF LIN-
COLN TRAILS OF the UNITED PRES-
BYTERIAN CHURCH, U.S.A., et al.,
Appellants (Plaintiffs below),

v.

Jerry AIGNER, et al., Appellees
(Defendants below).

No. 1–382A72.

Court of Appeals of Indiana,
First District.

Dec. 14, 1982.

Rehearing Denied Jan. 17, 1983.

Theodore Lockyear, Steve Barber, James A. Kornblum, Lockyear, Barber & Kornblum, Evansville, for appellants.

S. Anthony Long, Phillips & Long, A P.C., Robert R. Aylsworth, Boonville, Linley E. Pearson, Atty. Gen., Phillip B. Rarick, Deputy Atty. Gen., Indianapolis, for appellees.

ROBERTSON, Judge.

The Hemenway Presbyterian Church (Church) brought suit against the State of Indiana and the Warrick County Commissioners to enforce their right to certain property located in Warrick County. The court granted summary judgment in favor of the State and County. Subsequently, the Church filed its own motion for summary judgment which was denied and this appeal followed.

We reverse.

The relevant facts are uncontradicted. In 1933, Mr. and Mrs. Travis Scales deeded some property to the State. The deed pro-

vided that the property was to be established and maintained as a place of recreation for the benefit of the public. It also provided that if the grantee failed to maintain the property for such use, it would revert back to the grantors or their survivors should they be living and then to the trustees of the Church.

In 1972, the State transferred this property by quitclaim deed to Warrick County. The transfer was conditioned upon the property being maintained and used as a general park and recreation area. The deed also provided that if the property was used for purposes other than those stated, the State shall have the authority to cause the property to revert to the status of ownership prior to the transfer. The General Assembly, in 1971, had passed Public Law # 484, Acts of 1971, Vol. II authorizing the State to make the transfer to Warrick County.

This appeal presents the issue of whether the State's transfer of legal title to Warrick County violated the terms of the deed causing a reversion to the Church. The Church asserts that the deed created a public trust with the State as trustee. It relies on *Hadley v. Hadley,* (1897) 147 Ind. 423, 46 N.E. 823 for the proposition that the duties conferred upon a trustee are personal to him alone and, consequently, only he can execute them. The express terms of the instrument clearly designate the State of Indiana as grantee. The Church argues that to allow the park to be maintained by any other entity would, in effect, rewrite the terms of the deed.

The State, on the other hand, asserts that although effect is to be given to each and every word in a deed, the words are to be taken as a whole for the purpose of determining the parties' intent. *Ross, Inc. v. Legler,* (1964) 245 Ind. 655, 199 N.E.2d 346. It maintains that considering the deed in its entirety, the intent of the grantor is clear; the property is to be maintained as a public recreational area. Once it was no longer practical for the State to maintain the property, a transfer to the County was necessary to ensure continued use of the property as a public recreational area.

We agree with the Church in this case. We find that the failure of the State to maintain the property caused a breach of the terms of the deed and a reversion back to the trustees of the Church. In reaching this conclusion, we are following several important rules of construction regarding deeds. For example, a deed is to be regarded in its entirety and the parts thereof are to be construed together so that no part is rejected. *Enderle v. Sharman* (1981) Ind. App., 422 N.E.2d 686. The object of construction is to ascertain the intent of the parties and it must be their intent that every part has some meaning. A construction which reconciles the different parts is favored. *Id.* When the language of the deed is unambiguous and the intent of the parties can be clearly ascertained from the instrument, our only duty is to give effect to the terms as written in the deed. *Claridge v. Phelps,* (1937) 105 Ind.App. 344, 11 N.E.2d 503.

In the present case, the language of the Scales' deed is clear. It provides in part:

It is further hereby especially agreed that should the grantee fail or refuse to maintain the same for the use contemplated and herein provided, for a period of three consecutive years, then the same shall revert to the grantors and/or the survivor should they be living, and should the same occur after the death of said grantors, then the same shall be owned by and the same is hereby conveyed and transferred to the Trustees of Hemenway Memorial Church of Boonville, and their successors in office.

Specific provisions of the deed provide for disposition of the property upon the State's failure to maintain it. The property is to be transferred to the Church Trustees of the Church.

In addition, the deed also provides:
THIS INDENTURE WITNESSETH, that Travis D. Scales and Sarah E. Scales, his wife, of Warrick County, in the State of Indiana, CONVEY AND WARRANT,

to the State of Indiana, for the sum of One Dollar ($1.00) and other considerations hereinafter set out, the following described real estate, in Warrick County . . .

It further provides that:

As the sole consideration, except the nominal consideration of One Dollar ($1.00) it is agreed by the grantee that it will cause to be beautified the real estate herein conveyed from time to time, and that it will begin immediate beautification of the real estate herein conveyed, possession of which is not retained by the grantors herein by constructing a lake on the north side of said real estate which shall extend practically the full width thereof from east to west, and also by cleaning and clearing the unsightly places and planting trees and shrubs. Said planting and beautification to include all of the real estate herein released.

And the grantee further agrees that said real estate shall be known as the "Dr. T.D. and Emma Hart Scales Park" and shall be maintained at all times by said grantee for the benefit of the public as a place of recreation.

Again, the language of the deed is clear. It provides that the property be maintained as a place of recreation. The State is specifically designated as the entity to maintain the property with no provisions for delegation of that duty.

Considering the deed in its entirety, we find that the intent of the grantor is to have the property maintained by the State of Indiana as a public recreation area. At the time of original transfer, the State was most likely the best government entity able to ensure such use and the deed so provided. The deed made provisions for the time when the State would no longer be able to ensure use of the property for its stated purpose. It is not the function of this court to re-write the terms of the deed. For these reasons, we reverse the ruling of the trial court and find in favor of the Church.

Judgment reversed.

YOUNG, P.J. (participating by designation), and NEAL, J., concur.