Bronson G. BROWN, Loma Jean Brown, Donald H. Puff, Carolyn E. Puff, Hobart Steward, Ruth Steward, Ralph D. Felger, Bronson G. Brown, and Loma Jean Brown, Appellants,

v.

The PENN CENTRAL CORPORATION and Keystone Concrete, Inc., Appellees.

No. 43S03-8707-CV-695.

Supreme Court of Indiana.

July 22, 1987.

William M. Bloom, Bloom, Bloom & Fleck, P.C., Columbia City, for appellants.

Wayne L. Witmer, Barrett, Barrett & McNagny, Fort Wayne, for appellees.

PIVARNIK, Justice.

This cause comes to us on a petition to transfer from the Third District Court of Appeals. The petition is brought by Plaintiffs-Appellants, owners of several lots of real estate in Churubusco, Indiana. The lots are contiguous to a railroad right-of-way running through the town. Defendant-Appellee, Penn Central, is the successor in interest to the land in question.

Plaintiffs brought suit to quiet title to these lots in themselves. The trial court found that Penn Central's right-of-way was extinguished, but that Penn Central was vested with fee simple title to a certain strip of land contiguous to the right-of-way. The Court of Appeals affirmed the trial court's determination. The issue in this petition is whether the strip of land in question was originally conveyed in fee simple or as an easement. Because we disagree with the lower courts' determination, we grant transfer, vacate the opinion of the Court of Appeals and reverse the trial court.

The facts set out by the Court of Appeals are as follows:

"On July 6, 1871 the Detroit, Eel River and Illinois Railroad (railroad) acquired by deed an interest in certain lands in the Town of Churubusco, Indiana from Western and Caroline Ackley. The land described in the deed included both a right-of-way, 100 feet in width, and a strip conveyed for "depot and railroad purposes." This depot ground and railroad property was originally 200 feet in width and extended 1000 feet in length along the south side of the right-of-way. The appellants are the owners of several lots of real estate in Churubusco, which are contiguous to the railroad right-of-way and the ground designated "for depot and railroad purposes." The appellee, Penn Central Corporation (Penn Central)

is the successor to the original grantee railroad corporation.

Penn Central ceased operating the railroad through Churubusco and abandoned the right-of-way on November 30, 1973. However, it continued to collect rents from two tenants which were occupying space on the depot and railroad property. Subsequently, the appellants brought an action to quiet title to these lands in themselves. The trial court held that the railroad received nothing more than an easement as to the right-of-way, which was extinguished when it was no longer used for railroad purposes. The court, however, ruled against the appellants as to the depot and railroad property, and held that Penn Central was vested with fee simple title to this strip."

Omitting the formal portions, the deed in question reads as follows:

### "KNOW ALL MEN BY THESE PRESENTS

That Western Ackley and Caroline Ackley, his wife of Whitley County, Indiana in consideration of the location and construction of the Detroit, Eel River and Illinois Railroad, and three hundred dollars, to them in hand paid by the Detroit, Eel River and Illinois Railroad Company, the receipt of which is hereby acknowledged, do give, grant, bargain, sell and convey to said Company, the Right of Way for the use of the Railroad of said Company over and across:

[The North West quarter of the South West quarter of Section Thirteen (13) in Township Thirty-Two (32) North of Range Ten (10) East. Also the East ½ of the North half of the South West quarter of said Section Thirteen (13) and the West part of the North half of the South East quarter of said Section Thirteen (13) in said County of Whitley. Also a strip Two hundred feet in width on the South Side of the Right of Way hereby conveyed and adjoining the same and one thousand feet in length extending from the Public Highway on the East line of said road being for Depot and Rail Road purposes.]

for the width of fifty feet on each side of the center line of said Road, as located by the Logansport and Northern Indiana Rail Road Company, and as now located, and for the distance between the limits of said track, to include, also, the right of said Company to take materials, except timber, for the construction and repairs of said Road at any point within fifty feet of said line, together with the Right of Way over said tract of land sufficient to enable said Company to construct and repair its Road, and the right to conduct water by aquaduces, (sic) and the right of making proper drains.

To Have and to Hold the same Rights and Privileges to the use of said Company, so long as the same shall be required for the use and purposes of said Road, in as full, perfect, and ample a manner as may be required for that purpose."

The portion of the deed contained in our brackets was handwritten. The remaining portion of the deed was pre-printed. It appears that the deed was designed in this manner so that a description of the land acquired could be inserted in hand-written form. This particular deed form was prepared by the railroad for use in acquiring railroad right-of-ways.

 There are several rules of construction to be used when construing the meaning of a particular deed. The object of deed construction is to ascertain the intent of the parties. *Hemenway Memorial Presbyterian Church v. Aigner* (1982), Ind.App., 443 N.E.2d 93, 94. In so doing, a deed is to be regarded in its entirety and the parts are to be construed together so that no part is rejected. *Id.* Where there is no ambiguity in the deed, the intention of the parties must be determined from the language of the deed alone. *Enderle v. Sharman* (1981), Ind.App., 422 N.E.2d 686, 692; *Long v. Horton* (1956), 126 Ind.App. 651, 133 N.E.2d 568. Further, when a railroad prepares a conveyance form, it is responsible for the printed words. *Richard S. Brunt Trust v. Plantz* (1983), Ind.App., 458 N.E.2d 251, 252. Thus, we will construe the form in the light most favorable to the grantors. *Id.*

A deed that conveys a *right* generally conveys only an easement. *Brunt Trust*, 458 N.E.2d at 253. The general rule is that a conveyance to a railroad of a strip, piece, or parcel of land, without additional language as to the use or purpose to which the land is to be put or in other ways limiting the estate conveyed, is to be construed as passing an estate in fee, but reference to a right-of-way in such a conveyance generally leads to its construction as conveying only an easement. *L. & G. Realty & Construction Co. v. Indianapolis* (1957), 127 Ind.App. 315, 322, 139 N.E.2d 580, 585. Here, the deed in question contains additional language which indicates the purpose to which the land was to be put. The deed states the strip of land was to be "for Depot and Rail Road purposes." Further, the granting clause, which was pre-printed above the hand-written portion of the deed, expressly states the grantors were conveying a right-of-way. We find the deed clearly falls within the general rule and must be construed as conveying only an easement in the strip of land in question.

The Court of Appeals found this deed to be ambiguous. We disagree with their conclusion. The hand-written portion of the deed is a description of the boundaries of the railroad right-of-way. The strip of land in question is described in this part of the deed. We do not agree with the Court of Appeals that the deed is a hybrid, purporting to convey both a right-of-way, and a separate strip of land. Rather, we read the deed as granting a right-of-way which includes the strip of land. Supporting our construction is the fact that the grant is limited by the hand-written portion which states, "for Depot and Rail Road purposes." The grantor's intent is clearly expressed and contained within the four corners of the deed. We therefore find it unnecessary to speculate as to what the parties might have intended by the words they used in this conveyance.

If one were to speculate as to what the parties intended back in 1871, several questions arise. If the railroad purchased the strip of land in fee simple, why was this not expressed in the deed? The fact that the railroad used a pre-printed right-of-way form indicates to us that this is what they were bargaining for with the grantor. Surely the railroad, the more experienced party in this transaction, would have included words to indicate the strip of land was to be conveyed in fee simple if that was the parties' intent. Since the railroad was responsible for the form of the deed, the language used will be construed against it and in favor of the grantor. *Brunt Trust*, 458 N.E.2d at 252.

Further, we are mindful of the public policy in this State in favor of finding easements as opposed to conveyances in fee simple. In *Ross, Inc. v. Legler* (1964), 245 Ind. 655, 199 N.E.2d 346, this Court reiterated the policy and the reasons supporting the policy. We stated:

> Public policy does not favor the conveyance of strips of land by simple titles to railroad companies for right-of-way purposes, either by deed or condemnation. This policy is based upon the fact that the alienation of such strips or belts of land from and across the primary or parent bodies of the land from which they are severed, is obviously not necessary to the purpose for which such conveyances are made after abandonment of the intended uses as expressed in the conveyance, and that thereafter such severance generally operates adversely to the normal and best use of the property involved. Therefore, where there is ambiguity as to the character of the interest or title conveyed such ambiguity will generally be construed in favor of the original grantors, their heirs or assigns.

*Id.* at 659, 199 N.E.2d at 347–48. We believe this policy applies even though the deed here is not ambiguous.

We conclude that the deed in question is unambiguous. The parties' intent is expressed by the words used in the deed. The grantor conveyed to the railroad a right-of-way across his land which included a strip of land to be used for depot purposes. The railroad's right-of-way was an easement to use the land to carry on the

railroad's business. When Penn Central abandoned the right-of-way in 1973, the easement was extinguished.

Appellant's petition to transfer is hereby granted, the Court of Appeals' decision is vacated, and this cause is remanded to the trial court with instructions to proceed in a manner consistent with our opinion.

SHEPARD, C.J., and GIVAN and DICKSON, JJ., concur.

DeBRULER, J., dissents and votes to affirm the trial court.