Daniel G. NELSON, Appellant–Plaintiff,

v.

Irene PARKER, Appellee–Defendant/Cross–Petitioner,

v.

Donald HAWKINS, Appellee–Cross Defendant.

No. 45A03–9512–CV–428.

Court of Appeals of Indiana.

Oct. 4, 1996.

Michael L. Muenich, Highland, for Appellant–Plaintiff.

Timothy R. Sendak, Crown Point, for Irene Parker.

John R. Sorbello, Crown Point, for NBD Bank and Donald Hawkins.

Richard N. Shapiro, Munster, for Estate of Russell H. Nelson, Deceased.

## OPINION

STATON, Judge.

Daniel G. Nelson appeals from the trial court's grant of summary judgment in favor of Irene Parker. He presents two issues for appellate review which we consolidate into one dispositive issue: whether the trial court erred in granting summary judgment to Irene Parker.

We affirm.

On May 17, 1994, Russell Nelson, Daniel Nelson's father, executed a warranty deed which conveyed his real property located in Lowell, Indiana to Daniel subject to a life estate in Irene Parker. She had resided with Russell Nelson for thirteen years prior to his death and remained on the property following his death on August 31, 1994.

On September 23, 1994, Daniel Nelson brought an action to quiet title to the property and to eject Irene Parker from the premises, claiming that she had no interest in the property. Daniel Nelson filed a motion for summary judgment. Following a hearing, the trial court entered summary judgment in favor of Irene Parker. Daniel Nelson now appeals.

■ When reviewing an entry of summary judgment, we stand in the shoes of the trial court. We do not weigh the evidence but will consider the facts in the light most favorable to the nonmoving party. *Reed v. Luzny,* 627 N.E.2d 1362, 1363 (Ind.Ct.App.1994), *reh. denied, trans. denied.* We may sustain a summary judgment upon any theory supported by the designated materials. Ind. Trial Rule 56(C).

■ Our courts have stated that the object of a deed construction is to ascertain the intent of the parties. *Kirtley v. McClelland,* 562 N.E.2d 27, 36 (Ind.Ct.App.1990), *trans. denied* (citing *Brown v. Penn Central Corp.,* 510 N.E.2d 641, 643 (Ind.1987)). Where there is no ambiguity in the deed, the intention of the parties must be determined from the language of the deed alone. *Id.* However, it is the court's obligation and duty in determining the intention of the parties to consider their intentions in the light of the surrounding circumstances which existed at the time it was made. *Kirtley, supra.* The court should consider the nature of the agreement, together with the facts and circumstances leading up to its execution, the relationship of the parties, the nature and situation of the subject matter, and the apparent purpose of making the deed. *Id.*

■ Daniel Nelson contends that the language of the deed which provides for Irene Parker's life estate is void because realty cannot be conveyed to a third party by reservation. In support of his contention, he relies upon *Ogle v. Barker,* 224 Ind. 489, 68 N.E.2d 550, 554 (1946), *reh. denied.* In *Ogle,* the Indiana Supreme Court addressed whether a wife had an interest in certain property. There, the husband owned a farm. Later, he and his wife jointly conveyed the farm to his wife's nephew, reserving a life estate in him and his wife. *Id.* 68 N.E.2d at 551–52. The trial court determined that the estate of the wife and the estate of the husband each had a one-half interest in the property.

The supreme court reversed, observing that the wife acquired no title under the deed because "there can be no valid and operative conveyance of land without words of grant or alienation." *Id.* at 553. The court explained that a reservation in a deed does not create title or enlarge the vested rights of a grantor; it merely reserves the specific interest named therein from the operation of the grant, and leaves that interest vested in the grantor to whom it belonged at and before the execution of the deed. *Id.*

The court then noted that the jurisdictions are split as to whether the reservation in a deed vested a life estate in the husband and wife jointly; or if the life estate vested only in the husband. *Id.* at 554–55 (citing 26 C.J.S. Deeds § 138, "A reservation, as such, must be to the grantor, or, in case of several grantors, to some or one of them; *it cannot be made to a stranger to the deed* ") (emphasis added). The court agreed with the latter, opining, "If a reservation can create no estate not already in existence, and if a wife owns nothing more than her inchoate interest in the real estate prior to a deed, and there are no words of grant to her in the deed, then logically she can hold no greater interest in the real estate after the deed than she did before, ..." *Id.* at 555. Accordingly, the court reversed the judgment in favor of the wife's estate.

Relying upon *Ogle,* this court has set forth the common law rule that a grantor cannot, by reservation, convey a life estate in real property to a party who is a stranger to the deed. *See Enderle v. Sharman,* 422 N.E.2d 686, 693 (Ind.Ct.App.1981), *reh. denied;*

*Brademas v. Hartwig,* 175 Ind.App. 4, 369 N.E.2d 954, 957 (1977).

However, in *Brademas,* this court refused to apply this common law rule to a deed reserving an easement to a third party. There, the court determined that a deed could create an easement interest in the third party when the intentions of the parties were "patently evident" and to deny the easement "would serve only to frustrate those intentions." *Brademas, supra* (quoting RESTATEMENT OF PROPERTY, § 472 (1944) "it is possible to convey an estate in fee to one conveyee and at the same time and by the same instrument of conveyance convey an easement in the same land to another conveyee.")[1] The court noted that even under *Ogle,* a reservation in a deed reserves the specific interest therein from the operation of the grant and leaves that interest vested in the grantor, allowing the grantor to convey that interest to whomever he chooses. *Id.*

Nevertheless, Daniel Nelson relies upon *Ogle* and the common law rule extracted from that decision, to argue that Russell Nelson's reservation of a life estate in favor of Irene Parker, a stranger to the deed, is ineffectual. Irene Parker counters that the deed expresses a clear intent by Russell Nelson to convey her a life estate and that his intent should be binding.[2]

Contrasting our rules of deed construction with the common law rule leads to a direct conflict as application of the common law rule can operate to frustrate a grantor's intent. The common law rule derives from archaic feudal forms of conveyances where early common law courts sought to limit conveyances by deed.[3] Yet, denying a reservation in a deed to a third party may restrict this court's modern goal to construe a deed in a manner consistent with the intent of the grantor. Considering the two together, we believe that the intent of the grantor should govern as we prefer to look at the substance of deed and not merely the form. *See Brademas, supra.* We cannot favor a primitive common law rule and ignore the grantor's intent in an unambiguous deed.[4]

A review of the deed at issue here clearly reflects the intent of Russell Nelson. Because Russell Nelson's intent is controlling, we conclude that the trial court did not err in

---

1. The Restatement provides:
   ... [A]n easement may be created in C by a deed by A which purports to convey Blackacre to B in fee reserving an easement to C. If, in other respects, the necessary formalities for the creation of an easement are complied with, such a reservation operates as an effective conveyance to the person in whose favor the reservation is, in terms, made.
   *Brademas, supra,* 369 N.E.2d at 957.

2. The Warranty Deed provides in pertinent part:
   Convey and warrant to
   > RUSSELL H. NELSON, DURING HIS LIFETIME, AND UPON HIS DEATH, SHALL PASS TO DANIEL NELSON.
   > Of LAKE County in the State of INDIANA for and in consideration of TEN DOLLARS ($10.00) the receipt whereof is hereby acknowledged, the following Real Estate in LAKE County in the State of Indiana, to wit:
   > (SEE ATTACHMENT FOR LEGAL DESCRIPTION)
   > SUBJECT TO: EASEMENTS, LIENS, ENCUMBRANCES, *LIFE ESTATE IN IRENE PARKER* AND RESTRICTIONS OF RECORD.
   Record at 10 (emphasis in original).

3. *See Willard v. First Church of Christ, Scientist, Pacifica,* 7 Cal.3d 473, 102 Cal.Rptr. 739, 741, 498 P.2d 987, 989 (1972) wherein the court explained:

> The rule derives from the common law notions of reservations from a grant and was based on feudal considerations. A reservation allows a grantor's whole interest in the property to pass to the grantee, but revests a newly created interest in the grantor. While a reservation could theoretically vest an interest in a third party, the early common law courts vigorously rejected this possibility, apparently because they mistrusted and wished to limit conveyance by deed as a substitute for livery by seisin. Insofar as this mistrust was the foundation of the rule, it is clearly an inapposite feudal shackle today.
> *Id.* (citations and footnote omitted).

4. Other jurisdictions have similarly rejected this common law rule in order to effectuate the grantor's intent. *See Aszmus v. Nelson,* 743 P.2d 377 (Alaska 1987); *Willard, supra* n. 2; *Katkish v. Pearce,* 490 A.2d 626 (D.C.1985); *Townsend v. Cable,* 378 S.W.2d 806 (Ky.1964); *Medhus v. Dutter,* 184 Mont. 437, 603 P.2d 669 (1979), *reh. denied; Borough of Wildwood Crest v. Smith,* 210 N.J.Super. 127, 509 A.2d 252 (App.Div.1986); *Malloy v. Boettcher,* 334 N.W.2d 8 (N.D.1983); *Garza v. Grayson,* 255 Or. 413, 467 P.2d 960 (1970); and *Simpson v. Kistler Investment Co.,* 713 P.2d 751 (Wyo.1986).

finding that Irene Parker was entitled to a life estate. Therefore, we further conclude that summary judgment in favor of Irene Parker was proper.

Affirmed.

GARRARD, J., concurs.

HOFFMAN, J., dissents with separate opinion.

HOFFMAN, Judge.

I respectfully dissent. Our Supreme Court's decision in *Ogle v. Barker,* 224 Ind. 489, 494–500, 68 N.E.2d 550, 553–555 (1946) is controlling. In *Ogle,* the court reasoned:

"[T]here can be no valid and operative conveyance of land without words of grant or alienation. [Citations omitted.] Property cannot be conveyed by reservation. [Citation omitted.] A reservation in a deed does not create title or enlarge the vested rights of a grantor; it merely reserves the specific interest named therein from the operation of the grant, and leaves that interest vested in the grantor to whom it belonged at and before the execution of the deed." [Citations omitted.]

*Id.,* 224 Ind. at 494, 68 N.E.2d at 553. The court noted that exceptions had been made in the case of spouses attempting to convey a life estate in a spouse without interest in the property based upon the *intention* of the spouse, notwithstanding the technical deficiency in the reservation. *Id.,* 224 Ind. at 500, 68 N.E.2d at 555. The *Ogle* court re-jected the cases which focused on the assumed intention of the spouse to create an interest finding those cases which followed the general proposition, stated above, to be of "sounder reasoning." *Id.,* 224 Ind. at 499, 68 N.E.2d at 555. Further, the exception for spouses rejected by the *Ogle* court is not invoked in the present case.

The majority relies upon *Brademas v. Hartwig,* 175 Ind.App. 4, 369 N.E.2d 954 (1977). The analysis in *Brademas* is inapposite. In *Brademas,* the efficacy of an easement reserved in the deed was at issue. An easement is created in favor of those who may use property but are otherwise without an ownership interest in the property. Thus, the reservation of an easement to those without an interest does not require the initial showing of an interest. However, the creation of a life estate does require an ownership interest. *See Ogle,* 224 Ind. at 495, 68 N.E.2d at 553 (in deed of conveyance, reservation by owner effective only in favor of grantor theory being some interest held back from conveyance and left where it was).

Under these circumstances and in light of *Ogle,* I would vote to reverse summary judgment for Parker.