No. 89-267

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

_____

IN RE THE ADOPTION OF
R.D.T., a/k/a R.D.E.,
a Minor.

_____

APPEAL FROM:  District Court of the First Judicial District,
              In and for the County of Lewis & Clark,
              The Honorable Thomas Honzel, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            Leonard F. Thomas, pro se, Helena, Montana

        For Respondent:

            J. Cort Harrington, Jr., Helena, Montana

                                    _____

                            Submitted on Briefs:  July 13, 1989

                                  Decided:    August 25, 1989

Filed:

_____
                        Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

This appeal involves a claim for sanctions pursuant to Rule 11, M.R.Civ.P. arising out of a petition for adoption. Respondent Leonard F. Thomas appeals from the judgment of the District Court of the First Judicial District, Lewis and Clark County, denying his motion to impose sanctions on petitioners Nancy J. Thomas, Mark A. Erler, and their attorney J. Cort Harrington, Jr. The court ruled that based on the law and the facts as presented at hearing, Rule 11 sanctions were not proper. We affirm.

Respondent Thomas raises only one issue on appeal: Did the District Court err by failing to impose such sanctions?

R.D.T. was born to Nancy J. Thomas and Leonard F. Thomas on October 16, 1978 in Fairbanks, Alaska. The Thomases moved to Montana in 1979. Shortly afterward, Nancy and Leonard separated. That same year, Nancy and R.D.T. began living with Mark A. Erler in Basin, Montana and Leonard returned to Alaska.

Leonard and Nancy dissolved their marriage on February 14, 1983. The decree of dissolution provided that Nancy would have custody of R.D.T. and Leonard would have visitation upon request. No child support was requested. Mark and Nancy were married on August 20 of the same year. In February of 1988, the marriage of Mark and Nancy was dissolved. Mark moved into a guest house on the same lot as the family home where Nancy, R.D.T and J.E. the daughter of Mark and Nancy, resided.

In August of 1988, Leonard began exercising his visitation rights with R.D.T. Shortly afterward, Nancy and Mark, now divorced, filed a joint petition for the adoption of R.D.T. by Mark. The proceeding was bifurcated into two issues. The first issue was whether Leonard's parental

2

rights should be terminated for non-support of R.D.T. The second issue involved a determination of whether the adoption by Mark A. Erler was in R.D.T.'s best interests. A hearing on the first issue was held on November 16, 1988 in the District Court of the Fifth Judicial District. The court took under advisement Leonard's motion to dismiss for lack of jurisdiction and limited the hearing to the question of whether Leonard's consent was required to complete the adoption. After submission of additional briefs on the jurisdictional question, the court granted Leonard's motion to dismiss the petition.

On January 16, 1989, Leonard filed a motion to impose sanctions on the petitioners Mark and Nancy and their attorney J. Cort Harrington for violation of Rule 11 of the Montana Rules of Civil Procedure. Leonard's motion alleged that a reasonable inquiry into the adoption statutes by a competent attorney would have resulted in the conclusion that the petition for adoption was not warranted by existing law and that the petition was filed for an improper purpose. Leonard's motion was denied after a hearing and the propriety of that denial is now before this Court on appeal.

Rule 11, M.R.Civ.P., which is nearly identical to the federal rule, provides that:

> . . . Every pleading, motion, or other paper of a party represented by an attorney shall be signed by at least one attorney of record. . . . The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to

harass or to cause unnecessary delay or needless increase in the cost of litigation.

Rule 11, M.R.Civ.P. The Rule further provides for the imposition of sanctions on any party, the party's attorney, or both if a pleading is signed in violation of the Rule. Rule 11, M.R.Civ.P. Appellant Leonard first contends that a reasonable inquiry into the adoption statute by the petitioners' attorney, Mr. Harrington, would have indicated that the petition was not warranted by existing law. The applicable statute is § 40-8-109(1), MCA, which provides as follows:

> 40-8-109 Placement for adoption by parents. (1) No parent may make a placement of a child for adoption with an individual who is not a stepparent or a member of the child's extended family unless the parent files with the district court for the county in which the prospective adoptive parent or the parent making the placement resides:
> (a) a notice of parental placement; and
> (b) a relinquishment of parental rights to the prospective adoptive parents executed voluntarily and in accordance with 40-6-135(2) through (4).

As correctly noted in the District Court's Memorandum and Order granting Leonard's motion to dismiss the petition, Mark is neither the stepparent nor a member of R.D.T.'s extended family. Furthermore, Nancy did not relinquish her parental rights; rather, she specifically stated in the petition that she would retain her parental rights. The court dismissed the petition because the requirements of § 40-8-109, MCA, were not met.

Appellant argues that a reasonable inquiry into the meaning of § 40-8-109, MCA, by Mr. Harrington would have led to the conclusion that the adoption was not warranted by existing law, as evidenced by the ruling of the District

4

Court on the motion to dismiss. However, to avoid sanctions under Rule 11 it is not necessary that a party be correct in their view of the law. The party need only make a good faith argument for their view of the law. Zalvidar v. City of Los Angeles (9th Cir. 1986) 780 F.2d 823, 830-831. Thus the granting of a motion to dismiss against the pleader is not dispositive of the issue of sanctions. Zalvidar, 780 F.2d at 830.

The petitioners' attorney Mr. Harrington argued that § 40-8-109, MCA, did not apply because there had been no "placement for adoption." "Placement for adoption" is defined as "the transfer of physical custody of a child with respect to whom all parental rights have been terminated and who is otherwise legally free for adoption to a person who intends to adopt the child." Section 40-8-103(10), MCA. Petitioners argued that because there was no intent to transfer physical custody of the child and there was no attempt to terminate the parent/child relationship between Nancy and R.D.T. the petition did not constitute a "placement for adoption." While the District Court did not agree with this argument, it held that the argument was made in good faith.

We agree. In judging the good faith argument the court must strive to avoid the wisdom of hindsight in determining whether a pleading was valid when signed, and any and all doubts must be resolved in favor of the signer. Eastway Construction Co. v. City of New York (2nd Cir. 1985), 762 F.2d 243, 254.

Leonard also relies on § 40-8-125, MCA, to support his argument that the petition was not based upon a reasonable inquiry into the adoption statutes. The statute provides that the effect of a final decree of adoption is to terminate the rights of the natural parents, unless they are the

5

adoptive parents or a spouse of an adoptive parent, and to vest those rights in the adoptive parents. If the District Court had proceeded with the petition and terminated Leonard's parental rights pursuant to the first portion of the bifurcated hearing, a final decree of adoption entered after the second portion would only have affected the parent/child relationship between Nancy and her daughter R.D.T. Thus, the appellant has no standing to raise the issue of the effect of § 40-8-125, MCA.

Finally, Leonard contends that the petition for adoption was filed for an improper purpose, to delay and prevent visitation between Leonard and his daughter R.D.T. The petitioners contend that the purpose of the petition was to officially establish the parent/child relationship between Mark and R.D.T., a relationship petitioners argue had existed in fact for nine years. As noted in Schwarzer, Sanctions Under the New Federal Rule 11 (1985), 104 F.R.D. 181, when determining whether a pleading was filed for an improper purpose, the court, in its discretion, should objectively consider all the facts and circumstances in the case:

> In considering whether a paper was interposed for an improper purpose, the court need not delve into the attorney's subjective intent. The record in the case and all of the surrounding circumstances should afford an adequate basis for determining whether particular papers or proceedings caused delay that was unnecessary, whether they caused increase in the cost of litigation that was needless, or whether they lacked any apparent legitimate purpose. Findings on these points would suffice to support an inference of an improper purpose. The court can make such findings guided by its experience in litigation, its knowledge of the standards of the bar of the court, and its familiarity with the case before it.

6

Schwarzer (1985), 104 F.R.D. 181, 195. The record and surrounding circumstances in this case provided the District Court with an adequate basis to determine if the petition was filed for an improper purpose. The District Court found that the petition was not filed for an improper purpose, and based on the record the District Court's findings are not clearly erroneous.

The imposition of sanctions pursuant to Rule 11 lies within the discretion of the district court. Schmidt v. Colonial Terrace Assoc. (1986), 223 Mont. 8, 723 P.2d 954. We find no abuse of discretion in this case.

We affirm the District Court.

_____
Justice

We concur:

_____
_____
_____
_____
Justices

7