No.  90-409

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

LEONARD F. THOMAS,

     Plaintiff and Appellant,

  -vs-

J. CORT HARRINGTON, JR.,
MARK A. ERLER, NANCY J. THOMAS,

     Defendants and Respondents.



FILED

JAN 15 1991

Ed Smith

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the First Judicial District,
In and for the County of Lewis and Clark,
The Honorable Ted L. Mizner, Judge presiding.


COUNSEL OF RECORD:

     For Appellant:

     Leonard F. Thomas, Pro Se, Helena, Montana

     For Respondents:

     Ann L. Smoyer, Attorney at Law, Helena, Montana
John L. Hollow, Attorney at Law, Helena, Montana


Submitted on Briefs:  December 20, 1990

Decided:  January 15, 1991

Filed:

Clerk

Justice Diane G. Barz delivered the Opinion of the Court.

Leonard Thomas, pro se, brought the above-entitled action in District Court to recover damages for malicious prosecution and abuse of process. On July 26, 1990, the District Court granted summary judgment for the defendants and dismissed the complaint. Plaintiff appeals and we affirm.

The underlying facts and circumstances of this case are set forth in In re Adoption of R.D.T. (1989), 239 Mont. 33, 778 P.2d 416. There is also an unpublished, abbreviated opinion of this Court relating to this case where the district court was affirmed. (In re the Marriage of Erler, No. 90-066, decided July 30, 1990.) This Court affirmed the district court in yet another appeal by Thomas in Thomas v. Hale (Mont. 1990), ___ P.2d. ___, 47 St.Rep. 2261.

The dispositive issues on appeal are:

1. Whether the District Court correctly applied the doctrine of collateral estoppel to the facts of this case.

2. Whether Thomas' right to due process of law was violated when the District Court granted summary judgment and dismissed the complaint.

The District Court found that In re Adoption of R.D.T., supra, decided this case on issues of malice, probable cause, and improper purpose, which are essential elements Thomas needed to establish in his claim for malicious prosecution and abuse of process. The District Court applied the doctrine of collateral estoppel and found that Thomas was precluded from relitigating these issues.

2

Collateral estoppel has three elements: (1) the issue has been decided in a prior adjudication and is identical to the one presented; (2) a final judgment on the merits was issued; and (3) the party against whom the plea is asserted was a party or privy to a party of the prior adjudication. Smith v. Schweigert (1990), 241 Mont. 54, 58, 785 P.2d 195, 197. Thomas does not address in his brief the second and third elements but contends that the issues are not identical in the present complaint. His contention is without merit. The element of malice in the malicious prosecution claim and the element of improper purpose in the abuse of process claim are essentially the same and were addressed in In re Adoption of R.D.T, where this Court held:

> The record and surrounding circumstances in this case provided the District court with an adequate basis to determine if the petition was filed for an improper purpose. The District Court found that the petition was not filed for an improper purpose, and based on the record the District Court's findings are not clearly erroneous.

In re Adoption of R.D.T. at 37, 778 P.2d at 419.

It is clear that this Court previously decided the issue of whether the petition for adoption was filed for an improper purpose. It was not. Thomas' claim for malicious prosecution and abuse of process must fail. Furthermore, Thomas' dissatisfaction with the outcome of In re Adoption of R.D.T is no basis to overturn the summary judgment in this case, nor does Thomas provide a good reason to relieve him from the doctrine of collateral estoppel.

Thomas also claims his due process rights have been violated. Due process requires notice and opportunity to be heard. The

3

issues in this case were raised before the District Court and this Court previously. In addition, this is the sixth proceeding initiated by Thomas. (See Thomas v. Hale (Mont. 1990), ___ P.2d. ___ at ____, 47 St.Rep. 2261 at 2263.) It is time to limit Thomas' opportunity to be heard and put an end to his abuse of the judicial system.

Affirmed. Let remittitur issue forthwith.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to the West Publishing Company.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

4