No. 81-396

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

F. W. SCHMIDT, et al.,

Plaintiff and Appellant,

vs.

COLONIAL TERRACE ASSOCIATES, et al.,

Defendants and Respondents.

Appeal from:  District Court of the First Judicial District,
In and for the County of Lewis and Clark
Honorable Peter G. Meloy, Judge presiding.

Counsel of Record:

For Appellant:

James A. Cumming argued, Columbia Falls, Montana

For Respondents:

Worden, Thane & Haines, Missoula, Montana
Ronald Bender argued, Missoula, Montana

Submitted:  September 16, 1982

Decided:  December 29, 1982

Filed:  DEC 29 1982

Thomas J. Keasney
Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

F. W. Schmidt, et al. (Schmidt) brought this suit in Lewis and Clark County District Court seeking a forfeiture of property by defendants, Colonial Terrace Associates et al. (Colonial Terrace) for breach of contract. Colonial Terrace filed a general denial and counterclaimed for breach of contract, negligence, fraud, and unjust enrichment. The jury returned a verdict in favor of Colonial Terrace and against Schmidt and awarded $128,278 damages to Colonial Terrace; subject to the trial court determining the offsets claimed by Schmidt. Judgment was entered on that verdict. Schmidt moved to amend the judgment. The trial court entered an order denying Schmidt's motion to amend judgment and an order awarding attorney fees of $27,002.50 and costs of $9,346.90 to Colonial Terrace. Schmidt appeals from both orders.

Schmidt claims that the trial court erred in entering judgment on the verdict without first holding a hearing to determine offset. Schmidt bases this claim on the response to a question from the jury during deliberations, where the parties agreed to limit the jury's verdict to the amount of damages and allow the trial court to determine the amount of offset in a later proceeding. A provision of the contract allows the prevailing party to recover a reasonable attorney fee plus costs of suit. Schmidt does not claim error in the amount awarded for attorney fees, but argues that the determination should have been made by the jury instead of by the trial judge. Schmidt fails to make any argument to support his claim that the awarded costs are in error.

We affirm the order awarding attorney's fees and costs to Colonial Terrace. We vacate the judgment and we remand the case for a hearing to determine whether the evidence establishes that an offset should be applied to the jury verdict; and the amount of the

2

offset if applicable. The hearing shall be confined to the existing record, without admission of any new evidence.

The dispute involves a contract for the exchange of real estate. In 1977, Schmidt started construction of an apartment house complex in Helena consisting of 18 separate four unit buildings. When construction was well under way, Schmidt entered into negotiations for the sale of the entire project to Colonial Terrace. On August 10, 1977, Schmidt agreed to transfer the entire apartment complex to Colonial Terrace in exchange for real estate and payment of boot money. The total sale price of the apartments was $1,450,000. Colonial Terrace paid $20,000 earnest money down and agreed to transfer real estate worth $150,000 and additional cash of $55,000 when Schmidt completed construction of the complex. Thirty days after construction was complete, Colonial Terrace was to begin making monthly payments on the remaining balance of $1,225,000.

On December 16, 1977, the construction lenders accepted the apartment project as complete for their purposes. At that time Schmidt was required to begin making monthly payments on his construction loans. However, at about the same time, disputes arose between Schmidt and Colonial Terrace. Colonial Terrace notified Schmidt of construction deficiencies. After November 1979, Colonial Terrace made no further payments into escrow, but began making monthly payments directly to Schmidt's construction lenders. Colonial Terrace continued to demand construction repairs and corrections.

In the meantime, Schmidt was complaining about the actions of Colonial Terrace. Schmidt claimed that Colonial Terrace did not pay the full amount of the first installment of 1978 property taxes. In December 1978, Schmidt gave Colonial Terrace notice of default. In February 1979, Schmidt filed this action seeking a forfeiture of Colonial Terrace's interest in the contract. Colonial Terrace filed

3

a general denial and counterclaimed for breach of contract, negligent construction, fraudulent representations, and unjust enrichment.

The trial was long and complicated and both sides presented a considerable amount of detailed evidence. In the course of deliberations, the jury sent a note to the trial judge asking whether they could confine the verdict to a determination of damages and leave it to the judge and counsel to determine the amount of offset to be subtracted from the damages. The exact question was:

> "May the jury decide on a damage amount with the Court to hear from counsel as to the amount of offset to be substracted from the damages awarded? We have trouble defining the amount of offset paid by Colonial Terrace." (Emphasis added.)

Although the matter of the offset appears in the record and is at issue, the jury was not given any instruction regarding an offset.

After consulting with the attorneys and with their approval, the trial judge sent the following reply to the jury:

> "The jury shall decide the damage amount if any without reference to offset since the court will decide the offset if any." (Emphasis added.)

The jury deliberated a short while longer and returned the following verdict:

> "We the jury in the above entitled matter find in favor of Defendants on their counterclaim and against the Plaintiffs on their complaint and award damages to Defendants in the amount of $128,278."

The verdict was a general verdict, and the jury needed only to fill in the amount of damages in the blank space. The only alternative verdict form in the record states:

> "We the jury find in favor of Plaintiffs and we find for the Defendants by way of restitution in that Defendants are entitled to judgment in the sum of $_____."

4

Neither form provided the jury with a method for dealing with offset.

Colonial Terrace did not, however, wait for a hearing on offset before obtaining a judgment. Rather, Colonial Terrace immediately obtained a judgment and Schmidt was served with notice that a judgment of $128,278 had been entered against him. At about the same time Colonial Terrace obtained the judgment, it filed a motion and notice of hearing to have the trial court determine attorney fees and costs, both of which were provided for in the contract.

Schmidt was then compelled to file a motion to amend the judgment on the grounds that it was premature because it had been entered before the trial court had made any determination on the issue of offsets. Both sides briefed the motion to amend judgment. The trial court held a hearing on Schmidt's motion to amend judgment and Colonial Terrace's motion to assess attorney fees. After argument the trial court denied Schmidt's motion to amend judgment and awarded Colonial Terrace attorney fees of $27,002.50 and costs of $9,346.90.

Concerning the question of offset, we have no doubt that both parties intended the trial court to determine offset in a separate proceeding after the jury had rendered the verdict. Both parties were represented by counsel when the trial judge responded to the jury's query; and both sides agreed to allow the jury to decide the damage amount without reference to offset and to allow the trial judge to determine applicability of offset in a later proceeding. Yet, after the verdict was returned and before the trial court had such a hearing, counsel for Colonial Terrace acting ex parte prepared and submitted the judgment based solely on the verdict and without reference to offset.

Colonial Terrace would have us affirm the judgment on the presumption that the jury's verdict is correct. The correctness of

5

the jury's verdict is not the question. Neither party contends that the verdict was either too large or too small. Rather, Schmidt argues, and we agree that the parties intended the trial court to determine the amount of offset after the jury returned its verdict. And it is abundantly clear by the jury's question and the response to that question that the jury was led to believe the trial court, with the aid of counsel would determine the proper amount of the offset in a later proceeding. Colonial Terrace can not now complain that offset was a matter for the jury to decide after having agreed to let the trial court make that determination.

Colonial Terrace also argues that no offset is permitted because the jury may have returned a verdict on either a fraud theory or a negligence theory, neither of which permits an offset. In fact, the trial court adopted this approach in denying Schmidt's motion to amend the judgment. We are not aware, however, of any law which would forbid an offset if a party prevails on either a fraud or negligence theory. No authority was cited to the District Court and none has been cited here.

To argue that the jury's verdict was based on only fraud or negligence and that the jury did not intend an offset, Colonial Terrace has some duty to show that the verdict was in fact based on fraud or negligence. The jury's verdict was general and no instruction was offered or given regarding offset. The record does not reveal which theory the jury actually relied upon, and the evidence is sufficient to support an award of damages to Colonial Terrace on fraud, negligence or on their other counterclaims of breach of contract or unjust enrichment. Colonial Terrace's contentions on this point are not supported by the record.

We therefore vacate the judgment on the verdict and remand the case to the trial court for further proceedings to determine offset,

if any. Such proceeding shall be confined to evidence on the record.

We turn to Schmidt's claim of error in the award of attorney fees of $27,002.50 and costs of suit of $9,346.90 to Colonial Terrace. The contract between the parties allows the prevailing party to recover a reasonable attorney fee, plus costs of suit.

Schmidt does not dispute the hourly rate, or the amount of the attorney fee awarded by the trial judge. Rather, he argues that because the case was tried to a jury, evidence of attorney fees should have been presented to the jury, and the jury instead of the trial judge should have determined the amount. Schmidt did not the matter of attorney fees to the jury during the trial. He therefore waived the right to claim error in the procedure on appeal. The trial judge held a post trial hearing to determine attorney fees. Both sides were represented by counsel and evidence was introduced. Following that hearing the trial judge made findings based on the standards we set out in Crncevich v. Georgetown Recreation Corp. (1975), 168 Mont. 113, 541 P.2d 56. We therefore affirm the award of attorney fees.

We are bewildered by Schmidt's claim of error in the award of $9,346.90 for costs of suit. Costs of suit were expressly provided for in the contract between Schmidt and Colonial Terrace. In his appeal brief, Schmidt states, ". . . [Colonial Terrace's] claim was accepted and approved by the trial judge without explanation, and [we] await the answer of the respondents on this so [we] will have some definite position to attack." Although Schmidt claims error in the taxing of costs he has failed to present us with any specific objections. We therefore affirm the award of costs.

The judgment on the verdict is vacated and the case is remanded to the trial court for further proceedings to determine offset, if any. Such proceeding shall be limited to the existing record. We

7

affirm the award of $27,002.50 for attorney fees and $9,346.90 for costs to Colonial Terrace.

_____
                    Justice

We Concur:

_____

_____

_____
                    Justices

8