No. 85-223

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

_____

F. W. SCHMIDT, a/k/a WILLIAM F.
SCHMIDT,

        Plaintiff and Appellant,

   -vs-

COLONIAL TERRACE ASSOCIATES, a
partnership, et al.,

        Defendants and Respondents.

_____

APPEAL FROM: District Court of the First Judicial District,
In and for the County of Lewis & Clark,
The Honorable Henry Loble, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        James A. Cumming, Columbia Falls, Montana

    For Respondent:

        Worden, Thane & Haines; Ronald A. Bender, Missoula,
Montana

_____

Submitted on Briefs: May 30, 1986

Decided: August 21, 1986

Filed: AUG 21 1986

_____
Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Plaintiff F. W. Schmidt, appeals the March 28, 1985, and April 19, 1985, orders of the First Judicial District denying plaintiff's motions and granting defendant's motion for sanctions. We affirm.

This case commenced in 1979 as a suit brought by Schmidt and others seeking forfeiture of property by Colonial Terrace Associates (CTA) for failure to pay installments required under contract. CTA counterclaimed for breach of contract, negligence, fraud, and unjust enrichment. On June 17, 1981, a jury returned a verdict of $128,278 in favor of CTA. During trial, the parties stipulated that the amount of offset, if any, would be later determined by the court. However, CTA obtained a final judgment without reference to offset and Schmidt appealed. In an opinion dated December 29, 1982, this Court vacated the judgment and remanded the case to determine the amount of offset, if any. Schmidt, et al., v. Colonial Terrace Associates, et al., (Mont. 1982) 656 P.2d 807, 39 St.Rep. 2318.

On remand, a special master was appointed to decide the issue of offset. The master found that Schmidt was entitled to an offset of $74,363.39 against the jury verdict. The District Court adopted the master's report in its opinion, order, and judgment dated January 17, 1984. Both parties objected to the master's findings and filed a notice of appeal. On February 21, 1984, Schmidt filed a motion for restitution of funds and affidavit in support thereof. Schmidt claimed CTA had been making insufficient monthly payments since 1979, and that such deficiency should be applied against the judgment in favor of CTA. By order dated

2

March 19, 1984, the District Court denied Schmidt's motion for restitution of funds, finding that Schmidt sought restitution for claims outside the scope of the original lawsuit.

In an opinion dated January 29, 1985, this Court found the master's report to be supported by the evidence in the record and affirmed the judgment. Schmidt, et al. v. Colonial Terrace Associates, et al., (Mont. 1985), 694 P.2d 1340, 42 St.Rep. 182.

On March 10, 1985, Schmidt filed a document entitled "Motions" again requesting the District Court to determine the actual amount, if any, that Schmidt owed to CTA. CTA responded with a motion to strike alleging Schmidt's motions were frivolous and filed merely for purposes of delay. A hearing was held on March 28, 1985, concerning the parties' motions and the District Court granted CTA's motion to strike as to Schmidt's request that the court make a further determination of the amount of judgment. Subsequently, by order dated April 19, 1985, the District Court imposed sanctions upon Schmidt and Schmidt's attorney for attempting to raise arguments which had previously been rejected several times.

Schmidt appeals the March 28, 1985, and April 19, 1985, orders of the District Court. Schmidt's framing of the issues would have this Court address the District Court's order of March 19, 1984, denying his motion for restitution of funds. We affirmed such denial in Schmidt, et al. v. Colonial Terrace Associates, et al. (Mont. 1985) 694 P.2d 1340, 42 St.Rep. 182, and refuse to address the issue again. Therefore, we address the following two issues:

3

1) Whether the District Court erred in denying Schmidt's "Motions"?

2) Whether the District Court abused its discretion by imposing sanctions?

Schmidt's "Motions" filed on March 10, 1985, were accompanied by his attorney's affidavit which set forth a list of monthly payments made by CTA between July of 1979 and August of 1984. The affidavit alleged CTA had received credit for property tax and insurance payments not provided for by contract; that CTA had been making deficient payments for the entire period; that the judgment based on the June, 1981, jury verdict should be amended to reflect the numerous fees and costs assessed to each party subsequent to that time; that CTA had carried out an execution sale without proper notice; that Schmidt should be permitted to carry out additional discovery.

The District Court granted CTA's motion to strike as to all matters listed in the affidavit with the exception of the execution sale. In its order dated April 19, 1985, the court stated: "[Schmidt] now asks the Court to re-litigate issues which arose before the trial, and judgment and, further, to litigate contractual controversies which arose after trial and judgment and which are outside the gambit of the pleadings." We agree with the District Court.

The jury verdict was entered June 17, 1981, in favor of CTA in the amount of $128,278. Following appeal, a master was appointed to determine the amount of offset. The master's report awarded Schmidt an offset in the amount of $74,363.39. The report also found that the issue of property tax and insurance payments was not plead by either party and was beyond the scope of the lawsuit. This Court affirmed

4

adoption of the master's report in the subsequent appeal. Schmidt, et al. v. Colonial Terrace Associates, et al. (Mont. 1985), 694 P.2d 1340, 42 St.Rep. 186.

Schmidt again attempts to argue that payments by CTA made prior to, and after, the June 17, 1981, verdict were insufficient. The master's report determined the actual amount owing between the parties as of June 17, 1981. Any disputes occurring thereafter are outside the scope of the lawsuit. With the exception of the execution sale, upon which the District Court reserved opinion, all issues raised by Schmidt's "Motions" have been previously ruled upon and are subject to the "law of the case" doctrine. Fiscus v. Beartooth Electric Cooperative (1979) 180 Mont. 434, 591 P.2d 196.

The District Court determined it had no power under Rule 60(b)(5), M.R.Civ.P. to preside over the parties' controversies throughout the life of the contract. We agree. A jury verdict was rendered and the master's report determined offsets. Further we find no error in the District Court's refusal to make additional fact findings as to offsets concerning matters arising after the trial or matters which were not tried before the jury. If there is a new claim the courthouse door is always open for the filing of fresh litigation. The District Court does not have continuing jurisdiction to supervise this matter ad infinitum.

Next, we address whether the District Court abused its discretion by imposing sanctions upon Schmidt and his attorney. Rule 11, M.R.Civ.P. authorizes a court to impose sanctions if the court finds a motion to have been filed for purposes of delay or is not offered in good faith.

5

In this case, the District Court assessed against Schmidt and his attorney the reasonable attorneys fees and costs incurred by CTA in opposing the motions. The District Court found Schmidt was asking the court to do exactly what it said it would not do in its order of March 19, 1984, and such order had been appealed and affirmed. The March 19, 1984, order made it quite clear that the District Court would not resolve claims and issues outside the scope of the original lawsuit, yet one year later Schmidt's "Motions" requested the court to do exactly that. We find no abuse of discretion by the District Court in imposing sanctions against Schmidt and his attorney.

The District Court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

6