ROD AND RIFLE INN, INC.,
a Montana corporation,
Plaintiff and Appellant,
v.
ROBERT GILTRAP,
Defendant and Respondent.


No. 94-611.

Submitted on Briefs June 8, 1995.

Decided September 8, 1995.


Appeal from the District Court of Madison County.

Fifth Judicial District.

Honorable Frank M. Davis, Judge.

See C.J.S. Costs Sec. 127.

Affirmed.

For Appellant: Andrew P. Suenram, Hoffman & Suenram, Dillon.

For Respondent: John S. Warren, Schulz, Davis & Warren,

Dillon.

JUSTICE TRIEWEILER delivered the Opinion of the Court.

The plaintiff, Rod & Rifle Inn (R&R), filed a complaint in the Fifth Judicial District Court in Madison County in which it alleged that the defendant, Robert Giltrap, breached a remodeling contract by failure to complete performance of services. By counterclaim, Giltrap alleged breach of the same contract by R&R's failure to pay him. After trial, a jury returned a verdict in which it found neither party entitled to recover upon their respective claims. The District Court found that Giltrap prevailed and awarded him attorney fees. R&R appeals the District Court's award. We affirm the District Court.

The issue on appeal is:

Did the District Court err when it awarded attorney fees to Giltrap based on its conclusion that Giltrap was the prevailing party?

## FACTUAL BACKGROUND

On July 31, 1991, R&R and Giltrap executed a written agreement by which Giltrap agreed to remodel property, including a residence which belonged to R&R.

Paragraph 10 of the contract provided that:

In the event of litigation arising out of any breach of this Agreement the prevailing party shall be entitled to collect from the defaulting party its attorneys' fees and costs.

Pursuant to the terms of the contract, Giltrap was to submit a bill to R&R, and R&R agreed to pay him monthly. Giltrap testified that he initiated work under the contract on January 13, 1992; that he billed R&R $8,605.32 for work he completed during February 1992, and $2,004.46 for work he completed during March 1992. He stated that on March 10, 1992, R&R paid him $7,000.00 for the February bill, but nothing for the March bill, and that he then contacted R&R in an attempt to collect the unpaid balance of his February and March bills.

R&R did not make an additional payment, and as a result, Giltrap terminated performance under the contract. R&R subsequently filed a complaint in the Fifth Judicial District Court in Madison County, in which it alleged that Giltrap breached the contract between the parties by his failure to complete the performance of his services. Giltrap's answer included a counterclaim that R&R breached the contract by its failure to pay him.

At trial, R&R introduced evidence which indicated that Giltrap's alleged breach caused it to incur damages in the amount of $15,556.41. Giltrap introduced evidence that R&R owed him $1,609.78 for services already performed.

Although the verdict form is less than conclusive, it appears that the jury found no breach by either party and awarded no damages to either party.

Subsequent to trial, both parties filed motions in which they asked the District Court to award attorney fees pursuant to Paragraph 10 of the contract. The District Court concluded that Giltrap was the prevailing party and awarded him $10,000 for attorney fees, and $244 for costs. R&R appeals from the fee and cost award.

## DISCUSSION

Did the District Court err when it awarded attorney fees to Giltrap based on its conclusion that Giltrap was the prevailing party?

We review a district court's conclusions of law to determine if they are correct. Shull v. First Interstate Bank (1994), 887 P.2d 193, 196 (citing In re Marriage of Barnard (1994), 870 P.2d 91, 93).

Paragraph 10 of the parties' remodeling contract provided:

In the event of litigation arising out of any breach of this Agreement the prevailing party shall be entitled to collect from the defaulting party its attorneys' fees and costs.

R&R and Giltrap agree that this provision required an award of attorney fees to the prevailing party.

This dispute arises over the District Court's determination that Giltrap was the prevailing party. R&R contends that because the jury did not award either party damages, neither party breached the contract, and therefore, neither party prevailed or defaulted. Giltrap contends that the jury's decision indicates that R&R "totally breached" the contract and that he did not breach the contract.

In E.C.A. Environmental Management Service, Inc. v. Toenyes (1984), 679 P.2d 213, 217, we held that no one factor is dispositive in determining which party prevailed at trial for purposes of an award of attorney fees. The fact that one party gains a money judgment is an important, although not determinative, factor for the court to consider. E.C.A., 679 P.2d at 217-18. In Schmidt v. Colonial Terrace Associates (1985), 694 P.2d 1340, 1345, we applied the test set forth in Medhus v. Dutter (1979), 603 P.2d 669, to an award of attorney fees. In Medhus, we interpreted a statute that provided for the award of costs to the party with a judgment in his or her favor. We stated that:

If, however, a party initiates a law suit [sic], the defendant counterclaims, and the judgment awards both parties part of the relief they seek, the party prevailing on the main issue in controversy in the case must be allowed costs. Medhus, 603 P.2d at 674. Therefore, we held that, although Medhus dealt with a statutory award of costs, its rationale applied to a situation involving a contractual award of attorney fees. Schmidt, 694 P.2d at 1345. In Schmidt, we concluded that the main issue in controversy was damages for breach of contract. Schmidt, 694 P.2d at 1345. We stated that because the defendants had realized a net judgment in their favor, they had prevailed on the main issue in controversy and were entitled to attorney fees. Schmidt, 694 P.2d at 1345.

R&R contends that Empire Development Co. v. Johnson (1989), 770 P.2d 525, compels reversal of the District Court's award. In Empire, we were presented with a claim and counterclaim for breach of contract. The district court found both the plaintiff and the defendant liable for breach of contract, but awarded the plaintiff a "net judgment" of $920 (i.e., the defendant owed the plaintiff more than the plaintiff owed the defendant). On appeal, we stated that both parties breached their duties under the contract. Empire, 770 P.2d at 529. We then cited E.C.A. for the proposition that, in most cases, we will treat the party receiving a net judgment as the prevailing party in an action involving a counterclaim. Empire, 770 P.2d at 530. However, we concluded that when parties

mutually breached a contract, the district court did not err when it declined to award attorney fees to either party. Empire, 770 P.2d at 530.

However, in this case there is no indication from the verdict form that the jury found either party breached the contract. Therefore, Empire is inapposite. In this case, part of the relief sought by Giltrap was denial of R&R's claim for damages. Part of the relief sought by R&R was denial of Giltrap's claim for damages. The jury's verdict awarded each party part of the relief sought. However, the main issue in controversy was R&R's claim for $15,556.41. On that issue, Giltrap prevailed. Therefore, based on the test articulated in Schmidt, we conclude that Giltrap was the prevailing party and the District Court did not err when it awarded attorney fees and costs to him pursuant to the parties' contract.

In passing, we note that R&R also claims that because Giltrap terminated the contract there was no contractual basis for an award of fees. However, it is clear from the agreed facts and pleadings that a contract was formed, that R&R alleged a breach of that contract by Giltrap, and that Giltrap prevailed on that issue. Therefore, we consider this contention to be without merit.

For these reasons, the judgment of the District Court is affirmed.

JUSTICES GRAY, NELSON, HUNT and LEAPHART concur.