**THREE CREEKS RANCH SOUTH, L.L.C., Plaintiff–counter-defendant—Appellant,**

and

**Three Creeks Ranch II, L.L.C.; Reid Rosenthal, Third–party-defendants—Appellants,**

v.

**Donald R. RODEWALD, dba Wisconsin Creek Ranch; Denna J. Rodewald, dba Wisconsin Creek Ranch, Defendant–third–party–plaintiff–cross-claimants—Appellees.**

Three Creeks Ranch South, L.L.C.,
Plaintiff–counter–defendant—
Appellee,

and

Three Creeks Ranch II, L.L.C.;
Reid Rosenthal, Third–party–
defendants—Appellees,

v.

Donald R. Rodewald, dba Wisconsin Creek Ranch; Denna J. Rodewald, dba Wisconsin Creek Ranch, Defendant–third–party–plaintiff–cross–claimants—Appellants.

Nos. 06–35270, 06–35324.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 8, 2008.*

Filed Feb. 25, 2008.

Quentin M. Rhoades, Sullivan, Tabaracci & Rhoades, Missoula, MT, for Plaintiff–counter–defendant–Appellant.

Quentin M. Rhoades, Sullivan, Tabaracci & Rhoades, Missoula, MT, for Third–Party–defendant–Appellant.

Gregory C. Black, Esq., Corette Pohlman & Kebe Mayer Building, Butte, MT, for Defendant–Third–Party–Plaintiff–Cross–Claimant–Appellee.

Before: CANBY, GRABER, and GOULD, Circuit Judges.

MEMORANDUM **

Three Creeks Ranch South, L.L.C., and Reid Rosenthal, a third-party defendant,

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

appeal an award of attorney fees to Donald R. Rodewald and Denna J. Rodewald, which were incurred by the Rodewalds in the defense of, and in pursuit of counterclaims to, a civil action with its origins in a property sale gone bad. The district court awarded attorney fees to the Rodewalds pursuant to the parties' purchase and sale agreement after finding that the Rodewalds were the "successful litigant" under Montana law. In Three Creeks' appeal, Rosenthal challenges the district court's denial of attorney fees to him for successfully defending the Rodewald's third-party complaint. The Rodewalds cross-appeal the district court's decision not to grant attorney fees that they incurred in responding to Three Creeks' and Rosenthal's objections to the magistrate judge's findings and recommendations on attorney fees.

We review de novo whether the district court applied the correct legal standard in determining an award of attorney fees. *Price v. Seydel,* 961 F.2d 1470, 1475 (9th Cir.1992). If the district court applied the correct legal standard, we review the award or denial of attorney fees for abuse of discretion and any factual findings for clear error. *Id.* Applying those standards, we affirm.

1. *Attorney Fees Award to the Rodewalds.*

■ Three Creeks and Rosenthal argue that, under Montana law, a successful litigant for purposes of attorney fees is the party that secures a complete victory—including any counterclaims—in the lawsuit. Because the Rodewalds did not prevail on their counterclaims, they continue, the district court erred in awarding the Rodewalds fees. We disagree.

There is some support for the proposition that a court can refuse attorney fees when neither party prevails on all of the issues in the litigation. *See, e.g., Stanley v. Lemire,* 334 Mont. 489, 148 P.3d 643, 661 (2006); *Winters v. Winters,* 320 Mont. 459, 87 P.3d 1005, 1015 (2004); *Parcel v. Myers,* 214 Mont. 220, 697 P.2d 89, 91 (1984). But Montana courts have awarded attorney fees in circumstances in which a party has secured less than a complete victory. *See, e.g., Transaction Network, Inc. v. Wellington Techs., Inc.,* 301 Mont. 212, 7 P.3d 409, 414–15 (2000) (reversing district court's denial of attorney fees and awarding fees to plaintiff because, although plaintiff lost most of its tort claims, the plaintiff successfully defended a breach of contract counterclaim); *Espy v. Quinlan,* 300 Mont. 441, 4 P.3d 1212, 1217 (2000) (holding that the plaintiff was entitled to attorney fees even though the defendant had prevailed on counterclaim).

Although courts have also applied other rules, the Montana Supreme Court has clearly stated that, in circumstances involving claims and counterclaims, the party prevailing on the "main issue" in the lawsuit may be awarded fees. *See, e.g., Rod & Rifle Inn, Inc. v. Giltrap,* 273 Mont. 232, 902 P.2d 38, 41 (1995) (awarding attorney fees to the defendant because he prevailed on "main issue in controversy"—the defense of a breach of contract claim—notwithstanding that neither party received money damages on their respective claims); *Schmidt v. Colonial Terrace Assocs.,* 215 Mont. 62, 694 P.2d 1340, 1345 (1985) (applying *Medhus v. Dutter,* 184 Mont. 437, 603 P.2d 669, 674 (1979), and awarding attorney fees to the defendants realizing a net judgment in their favor on their counterclaim). This "main issue" approach to determining the prevailing party has not been overruled. Because the litigation positions of the parties involves claims and counterclaims, this case is akin to the situations presented in *Rod & Rifle Inn* and *Schmidt.* Accordingly, the dis-

**722**

trict court applied the correct standard for determining whether there was a successful litigant in this case.

Furthermore, we agree with the district court that Three Creeks' claims were the main issues in the case; Three Creeks' breach of contract allegations initially brought the parties into court, and the environmental defect claims perpetuated the litigation. In any event, having dealt with this case for more than 3–1/2 years, the district court is in a far better position that we are to determine the "main issues" in the case. The district court did not abuse its discretion in awarding attorney fees to the Rodewalds.

2. *Denial of Attorney Fees to Rosenthal.*

The district court found that Rosenthal's billing was inextricably intertwined with the billing of Three Creeks and, thus, that granting fees to Rosenthal would be tantamount to granting fees to Three Creeks. Rosenthal does not challenge the district court's finding. Nor does Rosenthal contest the district court's holding that he is personally liable for the attorney fees award as a promoter for a company that did not exist. Instead, Rosenthal contends that he was the only prevailing party in this case. For the reasons explained above, we disagree and affirm the denial of fees to Rosenthal.

3. *Rodewalds' Cross–Appeal.*

█ Finally, the Rodewalds contend that the partial denial of attorney fees for their responses to objections to the magistrate judge's report on fees was an abuse of discretion because "[a] substantial injustice would occur if [the] Rodewalds were denied additional fees ... when they were awarded all the remainder of their fees."

* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of

*See Renville v. Farmers Ins. Exch.,* 324 Mont. 509, 105 P.3d 280, 284 (2004) ("An abuse of discretion occurs when the district court judge acts arbitrarily without employment of conscientious judgment or exceeds the bounds of reasoning resulting in substantial injustice."). We disagree that denying additional attorney fees to the Rodewalds would result in a substantial injustice. We therefore affirm the district court's denial of additional attorney fees.

AFFIRMED.