Justice Beth Baker delivered the Opinion of the Court.
***520 ¶1 Kenyon-Noble Lumber Company ("Kenyon Noble") appeals an order of the Eighteenth Judicial District Court, Gallatin County, holding that Kenyon Noble had breached its contract with Dependant Foundations, Inc. ("DF Inc.") by allowing a former authorized agent to charge on DF Inc.'s credit account after DF Inc. notified Kenyon Noble ***521 that it had ceased operations. The court awarded DF Inc. attorney fees. Kenyon Noble argues that because it lacked notice of the agent's termination, it could not have breached the contract. Kenyon Noble also contests the award of attorney fees. We affirm and award the Defendants their attorney fees for this appeal.
PROCEDURAL AND FACTUAL BACKGROUND
¶2 Mark Markovich founded DF Inc. in Michigan. In 2007, Mark formed Dependant Foundations, LLC ("DF LLC") in Montana. At that time, Mark continued to operate DF Inc. in Michigan, and Shawn Karczewski operated DF LLC in Montana. Mark's son, Marco Markovich, worked for DF LLC.
¶3 Kenyon Noble operates a building supply store. It allows customers to establish credit accounts to purchase building materials and concrete on a credit basis.[1] Kenyon Noble requires an individual personally to guarantee payment for the debts of companies that hold credit accounts. In 2007, DF LLC entered into a credit agreement with Kenyon Noble that allowed DF LLC to purchase building materials and concrete on credit. The contract included Mark's signed personal guaranty for the debts incurred.
*137 ¶4 When Karczewski left DF LLC in 2008, he removed himself as an authorized user on DF LLC's credit account and added Marco as a new authorized user. In 2011, when Mark relocated to Montana, he merged DF Inc. and DF LLC. DF Inc. became the successor-by-merger. Marco continued as an employee and authorized agent of DF Inc. DF Inc. did not notify Kenyon Noble that it merged with DF LLC, but continued to use DF LLC's credit account.
¶5 In 2012, Mark told Marco that he intended to wind down DF Inc. and that Marco would need to start his own company. Marco organized Dependant Foundations and Flatwork, LLC ("Foundations and Flatwork"). Mark decided to send a letter to DF Inc.'s Montana-based suppliers to ensure that they knew Foundations and Flatwork was a separate and distinct company from DF Inc. and that Mark was not responsible for Marco's debt. On September 20, 2012, JoEllen Markovich, Mark's wife and DF Inc.'s bookkeeper, sent a letter to DF Inc.'s suppliers stating that DF Inc. was no longer operating and that it was not responsible for Foundations and Flatwork's debts.
***522 ¶6 In fall 2013, Marco began to purchase concrete from Kenyon Noble on DF LLC's credit account. Marco charged the materials he purchased on behalf of "Dependant Foundations." He did not inform Kenyon Noble that he had started his own business, nor did he open a new credit account for Foundations and Flatwork. He did, however, change the address on the account. By late 2013, the outstanding principal balance on the account was $28,798.56. In January 2014, Marco sent Kenyon Noble a $15,000 check, but it was returned for insufficient funds. The check was written on the account of "Dependant Foundations & Flatwork, LLC." Kenyon Noble was unsuccessful in collecting payment on the account balance, and it filed suit against Mark and DF Inc. in March 2014.
¶7 Two months later, Kenyon Noble amended its complaint to add Marco and Foundations and Flatwork as defendants. Marco admitted that the debts belonged to him and agreed on a repayment schedule with Kenyon Noble. Consequently, Kenyon Noble dismissed Mark and DF Inc. from the case. Shortly thereafter, Kenyon Noble reinstated Mark and DF Inc. as defendants because the attempted settlement with Marco never materialized. The District Court entered default judgment against Marco. Kenyon Noble tried unsuccessfully to execute its judgment against Marco and continued the lawsuit against Mark and DF Inc.
¶8 Mark and DF Inc. brought five counterclaims against Kenyon Noble: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing, in violation of § 28-1-211, MCA ; (3) defamation-libel; (4) invasion of privacy-false light; and (5) abuse of the judicial process by claiming that Mark and DF Inc. were responsible for Marco's debts. The case was tried to the court without a jury.
¶9 At trial JoEllen testified that she sent the September 20, 2012 letter to Kenyon Noble in a properly addressed and stamped envelope, complete with a return address. Kenyon Noble denied receiving the letter from DF Inc. After three days of testimony, the District Court found that DF Inc. was entitled to the statutory presumption that Kenyon Noble received the letter. The court concluded that Kenyon Noble failed to successfully rebut the presumption. Because Kenyon Noble continued to allow Marco to charge on the account after it was notified that his authority was terminated, Kenyon Noble's claims failed. DF Inc.'s revocation of Marco's authority was valid pursuant to § 28-10-802(1), MCA, and the court ruled in favor of Mark and DF Inc. on their counterclaim for breach of contract. The court ruled against Mark and DF Inc. on their remaining counterclaims. It awarded Mark and DF Inc. attorney fees and costs as the prevailing parties.
***523 STANDARDS OF REVIEW
¶10 On appeal from a bench trial, we review the district court's findings of fact for clear error. Roland v. Davis , 2013 MT 148, ¶ 21, 370 Mont. 327, 302 P.3d 91. Clear error exists if there is not substantial evidence to support the findings of fact, if the district court misapprehended the evidence, or if we have a definite and firm conviction *138 that the district court made a mistake. Roland , ¶ 21. We review a district court's conclusions of law for correctness. Roland , ¶ 21.
¶11 If legal authority exists to award attorney fees, we review a district court's decision to grant or deny fees for abuse of discretion. James Talcott Const. Inc. v. P & D Land Enters. , 2006 MT 188, ¶ 27, 333 Mont. 107, 141 P.3d 1200. We review for abuse of discretion a district court's prevailing party determination. Wohl v. City of Missoula , 2014 MT 310, ¶ 12, 377 Mont. 148, 339 P.3d 58.
DISCUSSION
¶12 1. Did the District Court err when it determined that DF Inc. was entitled to a presumption that Kenyon Noble received its letter terminating Marco's authority?
¶13 Section 26-1-602(24), MCA, establishes a disputable presumption that "[a] letter duly directed and mailed was received in the regular course of the mail." Direct evidence of actual mailing of the letter is not required for the presumption to arise. Crissey v. State Highway Comm'n , 147 Mont. 374, 378-79, 413 P.2d 308, 312 (1966). It is enough that there is an office practice or custom and that the practice or custom was carried out. General Mills v. Zerbe Bros. , 207 Mont. 19, 23, 672 P.2d 1109, 1111 (1983) (citing Crissey , 147 Mont. at 379, 413 P.2d at 312 ). We have recognized certain facts that strengthen the presumption of receipt of a letter duly posted, including when the letter was not returned from the postal service. See Crissey , 147 Mont. at 379, 413 P.2d at 312 (citing 31A C.J.S. Evidence § 136 ).
¶14 On September 20, 2012, JoEllen wrote a letter that advised DF Inc.'s suppliers that it was "no longer operating" and that "Dependant Foundations, INC is not responsible for the bills and orders of Dependant Foundations and Flatwork, LLC." JoEllen testified that she sent two copies of the letter to Kenyon Noble: one to Kenyon Noble Ready Mix and one to Kenyon Noble Lumber Co. Inc. JoEllen testified further that, customary with her habit and practice, she addressed the letters, placed a stamp on the letters, and wrote a return address on the envelopes. The letters were not returned from the postal service.
***524 ¶15 Kenyon Noble maintains that DF Inc. did not prove by a preponderance of evidence that it is entitled to the presumption that Kenyon Noble received DF Inc.'s letter. Kenyon Noble frames the issue as whether the District Court misapplied the law governing presumption of receipt. But its argument essentially is that the evidence did not establish the presumption. Kenyon Noble argues that there was no proof regarding the correct address, correct postage, or DF Inc.'s custom of mailing.
¶16 On the basis of JoEllen's testimony, which it found credible, the District Court concluded that the statutory presumption of receipt applied because the September 20, 2012 letter was sent in a properly addressed and stamped envelope, complete with a return address. The court's factual finding is supported by substantial evidence. It did not misapply the statute because JoEllen provided affirmative testimony that she followed her office practice or custom when mailing letters to DF Inc.'s suppliers, including Kenyon Noble. Crissey , 147 Mont. at 379, 413 P.2d at 312.
¶17 Even if DF Inc. were entitled to the presumption, Kenyon Noble insists that it rebutted the presumption with evidence of its routine mail handling practices showing that if either copy of the letter had been received, it would have been on file. Whether the presumption of receipt has been rebutted is a question for the fact-finder, with such weight given to the presumption as the fact-finder determines appropriate. Baldwin v. Bd. of Chiropractors , 2003 MT 306, ¶ 14, 318 Mont. 188, 79 P.3d 810. Absent additional evidence, an addressee's testimony of non-receipt is not enough to overcome the statutory presumption. Baldwin , ¶ 15. If conflicting evidence exists, the credibility and weight given to the evidence is in the district court's province, and we do not retry the case because the trial court chose to believe one party over the other. General Mills , 207 Mont. at 23, 672 P.2d at 1111. We review the evidence in the light most favorable to the prevailing party, recognizing that substantial *139 evidence may be weak or conflicting with other evidence, yet still support the findings. Seltzer v. Morton , 2007 MT 62, ¶ 94, 336 Mont. 225, 154 P.3d 561.
¶18 Scott Miller, Kenyon Noble's general manager, and Lacey Heppner, Kenyon Noble Ready Mix manager, testified that if a letter dealing with a credit account was sent to Kenyon Noble, it would be forwarded to the credit manager, Scott Hyatt. Hyatt testified that if he received mail related to credit accounts, a series of actions would occur, and those actions did not occur with regard to DF Inc.'s account. Hyatt did not testify about any specific individuals who handled the mail for Kenyon Noble in September 2012 or persons who would have delivered ***525 mail to his office in September 2012. Hyatt testified that he "had no personal knowledge of whether the letter sent by Mr. Markovich or his company arrived at Kenyon Noble."
¶19 Although Kenyon Noble presented conflicting evidence of actual receipt, the District Court concluded that JoEllen's testimony that she carried out her custom and habit satisfied the statutory presumption the letter was mailed and received. Whether a letter was duly directed or whether the presumption of receipt was rebutted are fact-dependent. We will not substitute our judgment for that of the trial court just because there is conflicting evidence. See Denton , ¶ 43. After a full review of the record, we conclude that the District Court did not clearly err in finding that DF Inc. is entitled to the presumption of receipt and that Kenyon Noble did not successfully rebut the presumption. Because we affirm the court's finding that DF Inc. was entitled to the presumption of receipt, we do not consider Kenyon Noble's additional claim that Mark and DF Inc. breached the contract by failing to pay Marco's outstanding debt.
¶20 2. Did the District Court abuse its discretion when it determined that Mark and DF Inc. were the prevailing parties, or when it determined a reasonable hourly rate for their attorney fees?
¶21 The credit agreement provides: "In the event it becomes necessary for Kenyon Noble to initiate any legal or collection action hereunder it is agreed that the Court shall award collection costs and legal fees as a reasonable cost of suit." Pursuant to § 28-3-704(1), MCA, this contractual right to attorney fees is reciprocal. The effect of the statute in this case is to give a reciprocal right to attorney fees to Mark and DF Inc.
¶22 Kenyon Noble argues that the District Court abused its discretion when it determined that Mark and DF Inc. were prevailing parties entitled to attorney fees because they did not prevail on four of their five counterclaims. Kenyon Noble maintains that even if Mark and DF Inc. were prevailing parties, the court abused its discretion in awarding $375 an hour for Roger Dodd's services.
Prevailing Party
¶23 Kenyon Noble contends that because Mark and DF Inc. prevailed on only one of their five counterclaims, they should not be considered prevailing parties. Kenyon Noble argues further that Mark and DF Inc.'s fee award should be denied because they failed to segregate the time spent on the breach of contract claim from the other four counterclaims.
***526 ¶24 No one factor is conclusive in determining the prevailing party for the purpose of awarding attorney fees. See Doig v. Cascaddan , 282 Mont. 105, 112, 935 P.2d 268, 272 (1997). In a situation involving a contractual award of attorney fees, when a defendant counterclaims and succeeds in having the plaintiff's claims totally denied but recovers only a portion of the relief demanded in the counterclaims, the defendant is entitled to attorney fees and costs. Schmidt v. Colonial Terrace Assocs. , 215 Mont. 62, 69-70, 694 P.2d 1340, 1345 (1985). Generally, the party receiving a net benefit from the judgment is the prevailing party. Rod & Rifle Inn v. Giltrap , 273 Mont. 232, 235, 902 P.2d 38, 40 (1995) (citing Schmidt , 215 Mont. at 69, 694 P.2d at 1345 ).
¶25 That DF Inc. prevailed on only one counterclaim is not material because DF Inc. prevailed on the primary claim at issue. The District Court concluded that Kenyon Noble's claims failed and that Mark and DF Inc.
*140 prevailed on their counterclaim for breach of contract. Although Mark and DF Inc. were unsuccessful on their remaining counterclaims, they prevailed on the principal issue in the case-breach of contract. Kenyon Noble recovered nothing on its complaint. As a result, Mark and DF Inc. received the net benefit of the judgment even though they did not receive any relief demanded for the other counterclaims. We therefore conclude that the District Court did not abuse its discretion in awarding Mark and DF Inc. attorney fees and costs.
¶26 In a case involving "multiple claims or theories, an award of attorney fees must be based on the time spent by the prevailing party's attorney on the claim or theory under which the attorney fees are allowable." Emmerson v. Walker , 2010 MT 167, ¶ 32, 357 Mont. 166, 236 P.3d 598. A party is entitled to an entire fee when it is impossible to segregate the attorney's time between claims entitling the party to attorney fees and other claims. Emmerson , ¶ 32.
¶27 Under the credit agreement, the parties' competing breach of contract claims give rise to an award of attorney fees to the prevailing party. The District Court explained that it would expect an overlap of time spent between the breach of contract counterclaim and unsuccessful counterclaims because the claims were based on a common nucleus of facts. The court concluded that Mark and DF Inc. were not entitled to costs and fees that were incurred exclusively as a result of their pursuit of the unsuccessful counterclaims. Mark and DF Inc. reduced their fee claim to deduct hours expended solely in relation to the unsuccessful counterclaims. The District Court removed ***527 additional claimed fees solely related to time spent on a motion related to unsuccessful counterclaims. The court did not abuse its discretion in ruling that the remaining fees and costs were inextricably intertwined because the breach of contract counterclaim was based on the same facts and witnesses as the unsuccessful counterclaims. Pursuant to the credit agreement, the prevailing party was entitled to attorney fees and costs.
¶28 When an entitlement to costs and attorney fees arises from contract, that entitlement includes costs and attorney fees on appeal. Gibson v. Paramount Homes , 2011 MT 112, ¶ 21, 360 Mont. 421, 253 P.3d 903. Mark and DF Inc. are the prevailing parties on appeal. They prevailed on the attorney fee issue, and they prevailed against Kenyon Noble's argument that it did not receive notice terminating Marco's authority or the account. Therefore, Mark and DF Inc. are entitled to attorney fees in connection with this appeal.
Reasonableness
¶29 Mark and DF Inc. were represented at trial by Matthew Dodd and Roger Dodd. Matthew claimed a range from $150 to $215 per hour, and the more experienced Roger claimed a rate of $500 per hour. After considering Kenyon Noble's objection, the District Court reduced Roger's hourly rate to $375. Kenyon Noble argues that the District Court's reduction is unreasonable because it exceeds the prevailing rate for attorneys in "straightforward commercial contract disputes" in Montana. Kenyon Noble argues that Roger's rate should be reduced to no more than $250 per hour. Kenyon Noble relies on Blum v. Stenson , 465 U.S. 886, 895, 104 S.Ct. 1541, 1547, 79 L.Ed.2d 891 (1984), to argue that the defendants had the burden of producing evidence that the requested rate represents prevailing rates in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.
¶30 Blum involved the award of attorney fees under 42 U.S.C. § 1988. Under that statute, "reasonable fees ... are to be calculated according to the prevailing market rates in the relevant community...." Blum , 465 U.S. at 895, 104 S.Ct. at 1547 (internal quotations omitted). In contrast, the attorney fees in this case were awarded under the provisions of the contract between the parties. Kenyon Noble has cited no authority that requires district courts to adhere to prevailing rates in the community for similar services when calculating a contractual award of attorney fees. In such cases, the trial court considers the seven Plath factors, along with other relevant considerations.
*141 Plath v. Schonrock , 2003 MT 21, ¶ 36, 314 Mont. 101, 64 P.3d 984. The district ***528 court should consider "(1) the amount and character of the services rendered; (2) the labor, time and trouble involved; (3) the character and importance of the litigation in which the services were rendered; (4) the amount of money or the value of the property to be affected; (5) the professional skill and experience called for; (6) the attorneys' character and standing in their profession; and (7) the results secured by the services of the attorneys." Houden v. Todd , 2014 MT 113, ¶ 37, 375 Mont. 1, 324 P.3d 1157 (quoting Plath , ¶ 36 ).
¶31 An award of attorney fees, though discretionary, must be reasonable. Houden , ¶ 37. Reasonableness depends on the facts of each case. Houden , ¶ 37. The District Court concluded that $500 per hour for the second-chair trial attorney was not a reasonable rate in this case and reduced Roger's rate to $375 per hour. In limiting the hourly rate, the District Court explained that it looked to the seven Plath factors. The District Court found that the importance of the litigation to Mark and DF Inc. justified the number of hours billed. And even though Kenyon Noble described the litigation as "a routine collection matter," it was of significant importance to the parties, as the litigation impacted "not only [Mark's] sense of self but his relationships with his wife and his grown son." The court reasoned that the nature of the legal issues did not diminish "the professional skill and experience" necessary for Mark and DF Inc. to prevail at trial. The court emphasized that Kenyon Noble's expert conceded that "[g]iven the complexity of the matter," it was "prudent to have a second chair available in the Courtroom during trial." The court emphasized Roger's high standing in the profession, his forty-plus years of experience as a trial lawyer, and that he has lectured and taught nationwide and internationally for decades. The court also recognized that even though Mark and DF Inc. did not prevail on all of their counterclaims, they prevailed on what the parties agree was the most significant issue in dispute. Comparing Roger's claimed hourly rate to other recent attorney fee awards and the rates charged by highly skilled attorneys in the Bozeman community, the District Court concluded that $375 per hour for Roger's time billed was reasonable.
¶32 After a review of the full record, we conclude that Kenyon Noble has not shown the District Court's award to be arbitrary, without the employment of conscientious judgment, or in excess of the bounds of reason under the circumstances. The District Court did not abuse its discretion when it limited Roger's hourly rate to $375 per hour.
***529 CONCLUSION
¶33 We affirm the District Court's judgment in favor of Mark Markovich and DF Inc. The case is remanded for the District Court to determine reasonable attorney fees to the Defendants in connection with this appeal.
We Concur:
MIKE McGRATH, C.J.
JAMES JEREMIAH SHEA, J.
JIM RICE, J.
DIRK M. SANDEFUR, J.

The general building supply branch does business as Kenyon Noble Lumber Co. Inc., and its concrete supply branch does business as Kenyon Noble Ready Mix. We refer to the two branches collectively as Kenyon Noble.